[No. C026234. Third Dist. Nov. 9, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
EUGENE LUNSFORD, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

[black redaction block]

## COUNSEL

Howard J. Specter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Harry Joseph Colombo and John G. McLean, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOTLAND, J.**—A jury convicted defendant Eugene Lunsford of first degree murder (Pen. Code, §§ 187, 189) and found he personally used a firearm in the commission of the offense (Pen. Code, § 12022.5, subd. (a)(1)). He was sentenced to state prison, fined, and ordered to pay victim restitution.

In the published portion of this opinion, we reject defendant's contention that the victim restitution order is void and unenforceable. As we will explain, when the amount of loss cannot be ascertained at the time of sentencing, the trial court may order the defendant to pay restitution in an amount to be determined by the agency that administers the victim restitution program. If the defendant disputes the agency's determination, he may

obtain judicial review of that determination pursuant to Penal Code section 1202.4, subdivision (f)(1).

In the unpublished part of our opinion, we find no merit in defendant's remaining claim of error. Accordingly, we shall affirm the judgment.

## DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

In ordering victim restitution, the trial court stated: "I know not whether there are actual restitution costs such as for the final medical bills, or burial expenses, but if there are such costs, I do assess those and order restitution to be paid by the defendant in an amount to be determined by the Office of Revenue Reimbursement . . . ."

■ Defendant claims this order for victim restitution is void and unenforceable because it "fails to specify the amount of restitution" and "leaves the final determination of the amount to an agency other than the court." For this proposition, defendant cites *People* v. *Guardado* (1995) 40 Cal.App.4th 757 [47 Cal.Rptr.2d 81]. However, as he recognizes, *Guardado* construed former Government Code section 13967, which contained no analogue of the provision of Penal Code section 1202.4, subdivision (f) that we italicize below.

Penal Code section 1202.4, subdivision (f) provides in pertinent part: "In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court. . . .*" (Italics added.)

The restitution order in this case complies with this section in that it "directs" the Office of Revenue Reimbursement to "determine" the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing.

---

*See footnote, *ante*, page 901.

If defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with Penal Code section 1202.4, subdivision (f)(1), which provides: "The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion."

## DISPOSITION

The judgment is affirmed.

Sims, Acting P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 9, 1999.