Filed 5/13/13  P. v. Richard CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | | |
|---|---|---|
| THE PEOPLE, | | |
| Plaintiff and Respondent, | | C071124 |
| v. | | (Super. Ct. No. SF119537A) |
| ISAAC AARON RICHARD, | | |
| Defendant and Appellant. | | |

Defendant Isaac Aaron Richard pled guilty to robbery (Pen. Code, § 211) and street terrorism (Pen. Code, § 186.22, subd. (a)).  Defendant also admitted a gang enhancement (Pen. Code, § 186.22, subd. (b)(1)).  In accordance with the terms of his plea, the trial court sentenced defendant to serve an aggregate term of 18 years in state prison.

At sentencing, the trial court ordered defendant to pay numerous fines and fees including restitution in an amount to "be determined by the Department of Corrections [and Rehabilitation]."  The trial court also ordered defendant to pay a $240 restitution fine (Pen. Code, § 1202.4) and a $24 "surcharge."

On appeal, defendant contends the trial court erred in ordering the Department of Corrections and Rehabilitation to calculate restitution.  We disagree and conclude the trial court's order was proper.

1

Defendant also contends the trial court erred in imposing a $24 "surcharge" without identifying the statutory authority for that fee and asks this court to vacate the fee. The People concede the trial court was required to identify the statutory basis for the surcharge and request remand on that issue alone.

DISCUSSION[1]

## A.

### *Restitution*

Defendant contends the trial court's imposition of restitution in an amount "[to] be determined by the Department of Corrections [and Rehabilitation]," violates both statutory and constitutional law. Specifically, defendant asserts the order violated his right to due process and Penal Code section 1202.4, subdivision (f). Even assuming defendant has not forfeited this claim for failing to raise his objection in the trial court, the claim fails. (*People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 15; *People v. Keele* (1986) 178 Cal.App.3d 701, 708.)

Penal Code section 1202.4 states, in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court*." (Pen. Code, § 1202.4, subd. (f); italics added.)

Our decision in *People v. Lunsford* (1998) 67 Cal.App.4th 901 (*Lunsford*) is directly on point. In *Lunsford,* we found proper a trial order directing the Office of Revenue Reimbursement to calculate restitution. (*Id.* at pp. 903-904.) Defendant attempts to distinguish *Lunsford* on the ground that the Office of Revenue

---

[1] We omit a recitation of the facts underlying defendant's conviction because they are not necessary to resolution of the issues on appeal.

Reimbursement is a part of the superior court and the Department of Corrections and Rehabilitation is not. Contrary to defendant's claim, we did not find the order in *Lunsford* proper because the Office of Revenue Reimbursement was "part of the Superior Court."

In *Lunsford,* the trial court ordered "restitution to be paid by the defendant in an amount to be determined by the Office of Revenue Reimbursement . . . ." (*Lunsford, supra*, 67 Cal.App.4th at p. 903.) We found the restitution complied with Penal Code section 1202.4, subdivision (f), because the order "'directs' the Office of Revenue Reimbursement to 'determine' the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing." (*Ibid*.) In reaching our decision, we emphasized that "if defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with Penal Code section 1202.4, subdivision (f)(1)." (*Lunsford*, at p. 904.)

Furthermore, with respect to defendant's argument his due process rights were violated, his due process rights are "satisfied if [defendant] is given notice of the amount sought and a hearing to contest that amount." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) Since there is no evidence that an amount has been set, defendant's due process argument is not ripe.

## B.

### *Surcharge*

Defendant further contends the $24 surcharge imposed at sentencing should be vacated because "there was no statutory authority to impose it." The People concede the trial court erred in imposing the fee without identifying the authority for its imposition. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.)

The People do not agree, however, that the fee should be vacated; rather, they argue the matter should be remanded to allow the trial court to identify its authority for imposing the surcharge. The People note Penal Code section 1202.4, subdivision (*l*),

3

allows for a 10-percent surcharge on restitution fines in certain circumstances. The People have the better argument. (*People v. High*, *supra,* 119 Cal.App.4th at p. 1200 [matter remanded with direction to the trial court to identify the statutory bases for fines and fees imposed].) We remand the matter to the trial court to identify the statutory basis for the surcharge.

DISPOSITION

The matter is remanded. The trial court is directed to identify its authority for imposing the $24 surcharge and amend the abstract of judgment accordingly. The judgment is otherwise affirmed. The trial court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

                                             HOCH          , J.


We concur:


      BLEASE        , Acting P. J.


      BUTZ          , J.

4