Filed 4/10/14  P. v. Pasco CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FLORENTINE PASCO,<br><br>    Defendant and Appellant. | C072893<br><br>(Super. Ct. No. SF119482A) |

A jury found defendant Florentine Pasco guilty of one count of vehicle theft and the trial court found he had two prior vehicle theft convictions.  (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5.)  On appeal, he contends the trial court's restitution order was unlawful and he was not awarded conduct credits.  We direct the trial court to correct an error in the abstract of judgment and affirm.

BACKGROUND

A recitation of the facts underlying defendant's offense is unnecessary to the disposition of this appeal.  After being found guilty by a jury of vehicle theft, the trial court found defendant had two prior vehicle theft convictions and sentenced him to serve the upper term of four years in prison, to be served in county jail.  The trial court ordered

1

defendant to pay a $280 restitution fine (Pen. Code, § 1202.4) and ordered any further restitution be calculated by the probation department.  The trial court also awarded defendant 412 actual days for time served "plus 412 additional" for "day-to-day credit."

DISCUSSION

I

### *Victim Restitution*

Defendant contends the trial court's imposition of restitution in an amount to be determined by the probation department violates both statutory and constitutional law.  Specifically, defendant asserts the order violated his right to due process and Penal Code section 1202.4, subdivision (f).  Even assuming defendant has not forfeited this claim for failing to raise his objection in the trial court, the claim fails.  (*People v. Scott* (1994) 9 Cal.4th 331, 352, fn. 15; *People v. Keele* (1986) 178 Cal.App.3d 701, 708.)

Penal Code section 1202.4 states, in relevant part, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court.  *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court*."  (Pen. Code, § 1202.4, subd. (f); italics added.)  Our decision in *People v. Lunsford* (1998) 67 Cal.App.4th 901 (*Lunsford*) is directly on point.

In *Lunsford, supra,* 67 Cal.App.4th 901, we found proper a trial court order directing the office of revenue reimbursement to calculate restitution.  (*Id.* at pp. 903-904.)  There, the trial court ordered "restitution to be paid by the defendant in an amount to be determined by the Office of Revenue Reimbursement." (*Id.* at p. 903.)  We found the restitution complied with Penal Code section 1202.4, subdivision (f), because the order " 'directs' the Office of Revenue Reimbursement to 'determine' the amount of

2

victim restitution because the proper amount could not be ascertained at the time of sentencing." (*Ibid*.)  In reaching our decision, we noted that "if defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with Penal Code section 1202.4, subdivision (f)(1)." (*Lunsford*, at p. 904.)

Defendant argues *Lunsford* is wrongly decided.  We believe the reasoning in *Lunsford* is sound and decline the invitation to revisit the matter.

With respect to defendant's argument his due process rights were violated, his due process rights are "satisfied if [defendant] is given notice of the amount sought and a hearing to contest that amount." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) Since there is no evidence an amount of victim restitution has been set, defendant's due process argument is not ripe.

## II

### *Conduct Credits*

Defendant also contends the trial court erred by failing to calculate and award his conduct credits for the time he served in jail prior to sentencing.  The record belies this contention.

Penal Code section 4019 requires the trial court to calculate and award credits for actual time served and conduct credits for time spent in jail prior to sentencing. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)  Here, the trial court awarded defendant 412 days for time served "plus 412 additional" for "day-to-day credit."  Thus, the trial court's oral pronouncement includes the award of defendant's 412 conduct days, as required by Penal Code section 4019.

The abstract of judgment, however, omits reference to the 412 days of conduct credit.  This clerical error must be corrected.  (See *People v. Mesa* (1975) 14 Cal.3d 466, 471 [pronouncement of judgment judicial function; entry into abstract of judgment clerical function; any inconsistency presumed to be clerical error].)

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment reflecting the award of 412 days of conduct credit and forward a certified copy of the corrected abstract to the county sheriff.


      HOCH    , J.


We concur:



      HULL    , Acting P. J.



     DUARTE   , J.