Filed 5/20/14  P. v. Sharpe CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C073959 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F7721) |
| v. | |
| MICHAEL GLENN SHARPE, | |
| Defendant and Appellant. | |

Defendant Michael Glenn Sharpe pleaded no contest to two counts related to domestic violence in exchange for an agreed four-year sentence to state prison.  The plea agreement also stated that execution of the prison sentence was to be suspended, and that defendant would be released on his own recognizance until sentencing.  Defendant agreed to a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*) and was instructed by the court not to have contact with the victim of his abuse prior to sentencing.  He agreed the court would not be bound by the four-year prison sentence cap if he violated the court's order.  Almost immediately upon his release, he violated the

1

terms of his agreement by having contact with the victim. The trial court sentenced him to an aggregate prison term of six years four months.

He now appeals the judgment of the trial court, contending the trial court (1) acted in excess of its jurisdiction in failing to place a time limit on the restraining order it imposed, and (2) improperly delegated its authority regarding restitution to the Department of Corrections and Rehabilitation (CDCR). We agree the trial court erred in failing to impose a time limit on the restraining order, but we find the trial court properly referred determination of the restitution amount to the CDCR. Therefore, we partially affirm and partially reverse the trial court's judgment, and remand this matter to the trial court to resentence defendant with respect to the restraining order only.

FACTS AND PROCEEDINGS

Defendant was charged with multiple felonies and misdemeanors related to domestic violence of his former girlfriend: assault with intent to commit sodomy by force (Pen. Code, §§ 220, 286, subd. (c) -- count one; unless otherwise stated, statutory references that follow are to the Penal Code), a serious felony (§ 1192.7, subd. (c)(4)); sexual battery by restraint (§ 243.4, subd. (a) -- count two); corporal injury with a prior conviction (§ 273.5, subds. (a), (e) -- count three); assault with force likely to cause great bodily injury (§ 245, subd. (a)(4) -- count four); kidnapping (§ 207, subd, (a) -- count five); false imprisonment by violence (§§ 236, 237 -- count six); sexual battery (§ 243.4, subd. (e)(1) -- count seven); and corporal injury with a prior conviction (§ 273.5, subds. (a), (e) -- count eight).

Defendant entered into a negotiated plea agreement in which he pleaded no contest to counts three and eight and admitted two prior convictions in exchange for a sentence of four years, execution of the sentence suspended, and defendant released on his own recognizance pending sentencing. As part of the agreement, defendant executed a *Cruz* waiver, which prohibited him from having any contact with the victim pending

2

sentencing.  Defendant was released on his own recognizance and, that same day, violated his agreement to stay away from the victim.

After violating the plea agreement, defendant was sentenced to an aggregate term of six years four months in state prison:  the upper term of five years for count three and one year four months (one-third the middle term) for count eight.  Defendant was also granted presentence credits and ordered to pay enumerated fines and fees.  The court further ordered, without temporal limitation, that defendant "neither knowingly attempt, or have any contact in any manner with, nor be in the presence of [the victim]."  Finally, the court ordered defendant to "pay victim restitution to [the victim] and the Victim's Compensation Government Claims Board as directed by the [CDCR]."

DISCUSSION

I

*Restraining Order*

Defendant contends the trial court's restraining order of unlimited duration entered at the time of sentencing warrants reversal because it is an unauthorized sentence in violation of section 273.5, subdivision (j).  The Attorney General agrees.

Section 273.5, subdivision (j) permits the sentencing court to issue a restraining order prohibiting a defendant convicted of a crime under that section from having any contact with the victim of domestic violence.  The duration of the restraining order, subject to the statutory limit of 10 years, is to be determined by the court "based upon the seriousness of the facts before the court, the probability of future violations, and the safety of the victim and his or her immediate family."  (*Ibid.*)

Here, the trial court did not render a decision limiting how long the restraining order was to remain in effect; nor did it discuss any of the factors set forth in section 273.5, subdivision (j).  Therefore, the restraining order is of unlimited duration and, by extension, is an unauthorized sentence.  (See *People v. Scott* (1994) 9 Cal.4th

3

331, 354 (*Scott*).) Accordingly, we reverse the trial court's judgment with respect to the duration of the restraining order and remand the matter to the trial court for resentencing.

II

*Restitution*

Defendant contends the trial court erred when it ordered defendant to "pay victim restitution to [the victim] and the Victim's Compensation Government Claims Board *as directed by* the [CDCR]." Defendant concedes the trial court may delegate the calculation of the *amount* of restitution to be paid, but he contends that by ordering defendant to pay restitution "as directed by" the CDCR, the trial court impermissibly delegated the determination of *whether* restitution should be paid and the *manner* in which it was to be paid. Defendant claims, without citation to legal authority, that "the order can reasonably be interpreted to delegate all judicial authority concerning restitution to the CDCR." Even assuming defendant did not forfeit this claim by failing to raise this objection in the trial court, the claim fails. (*Scott, supra,* 9 Cal.4th at p. 352, fn. 15; *People v. Keele* (1986) 178 Cal.App.3d 701, 708.)

Section 1202.4, subdivision (f) provides that, except in circumstances not pertinent here, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." In that circumstance, the court may delegate the restitution calculation to another agency. (*People v. Lunsford* (1998) 67 Cal.App.4th 901, 903-904 [finding trial court complied with section 1202.4 by directing local agency to determine amount of victim restitution to

4

be paid, and noting that defendant may challenge restitution amount in court if dissatisfied with the agency's calculation].)

Here, the trial court ordered defendant to pay restitution "as directed" after reviewing the probation report and stating its inclination to follow the recommendations set forth in the report. The report noted that no open claim had been made for restitution by the victim, but also noted personal injury and property damage suffered by the victim and caused by defendant for which restitution may be required. By making its order to pay restitution, the court implicitly determined defendant had to pay restitution. Therefore, defendant's proposed reading of the court's order as a delegation to the CDCR of the decision *whether* to require restitution is not supportable. Nor is the court's order fairly read as a delegation to the CDCR of the *manner* of paying restitution. Rather, the court ordered defendant to "pay victim restitution to [the victim] and the Victim's Compensation Government Claims Board." No further direction is required.

Accordingly, the court's restitution order is not an improper delegation of its authority.

DISPOSITION

The judgment is reversed and remanded for further sentencing proceedings by the trial court with respect to the duration of the restraining order. In all other respects, the judgment is affirmed.


        HULL        , J.


We concur:


    BLEASE    , Acting P. J.


    DUARTE    , J.


5