Filed 7/10/14  P. v. Arrellano CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F066951 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. BF139481B) |
| GREGORIO ENRIQUE ARRELLANO, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen McKenna and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Kane, Acting P.J., Poochigian, J. and Detjen, J.

After a jury convicted appellant Gregorio Enrique Arellano of multiple felonies, and the court imposed a prison term of four years eight months and ordered appellant to pay victim restitution "in an amount to be determined by the Probation Department at the direction of the Court."

On appeal, appellant's sole contention is that the court improperly delegated to the probation department the authority to impose victim restitution. We affirm.

## DISCUSSION[1]

Penal Code section 1202.4, subdivision (f) (section 1202.4(f)) provides, in relevant part:

> "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court*." (Italics added.)

Appellant first challenges the court's order that the amount of victim restitution be determined by the probation department on statutory grounds. He contends section 1202.4(f) "requires the trial court, and not the Probation Department, to impose restitution if the amount of restitution is unknown at the time of sentencing." He argues that victim restitution is often determined in contested "fact finding hearings" of a sort the probation department is "not equipped" to conduct, and that the "delega[tion]" of the "imposition of restitution" to the probation department deprives appellant of his "right to confront the prosecution evidence and present his own evidence." We disagree.[2]

---

[1] The facts of the instant offenses are not relevant to the issues raised on appeal. We therefore forgo a recitation of those facts.

[2] We assume without deciding that appellant's challenge to the restitution order is not forfeited by his failure to raise his objection in the trial court.

2

As appellant does not dispute, *People v. Lunsford* (1998) 67 Cal.App.4th 901 (*Lunsford*) is directly on point. In that case, the trial court ordered the defendant to pay restitution "'in an amount determined by the Office of Revenue and Reimbursement.'" (*Id.* at p. 903.) The Court of Appeal held the court's order "complies with [section 1202.4(f)] in that it 'directs' the Officer of Revenue and Reimbursement to 'determine' the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing." (*Ibid.*) The court noted, "If defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with Penal Code section 1202.4, subdivision (f)(1), which provides: 'The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion.'" (*Id.* at p. 904.)

Appellant contends *Lunsford* "reached the wrong conclusion." We disagree. In our view, the court's conclusion that a trial court may, under section 1202.4(f), direct an outside entity to determine the amount of restitution, and the reasoning underlying that conclusion, were correct.

Appellant also relies on *People v. Bernal* (2002) 101 Cal.App.4th 155 (*Bernal*). In that case, the defendant, following a felony conviction, was placed on probation, one of the conditions of which was that he make restitution to the victim. After the defendant's insurer made a payment to the victim and she executed a release, the defendant sought an order determining that his restitution obligation had been satisfied. The trial court issued such an order, and the People appealed.

The Court of Appeal reversed and remanded the matter to the trial court to determine the defendant's remaining restitution obligation. The appellate court reasoned that the objectives of restitution included not only indemnifying the victim, but also

rehabilitating the defendant and deterring the defendant and others, and that while the victim's act of executing the release "may have reflect[ed] [her] willingness to accept the amount paid in full satisfaction for all civil liability, it does not reflect the willingness of the People to accept the sum in satisfaction of the defendant's rehabilitative and deterrent debt to society." (*Bernal*, *supra*, 101 Cal.App.4th at pp. 161, 162.) Remand was necessary because the trial court, having mistakenly concluded that the victim's settlement release precluded an increase of the restitution award, had "failed to exercise its discretion, as it must do." (*Id.* at p. 164.)

Appellant relies specifically on the first sentence of the following statement in *Bernal*: "Although the trial court could properly refer the restitution determination to the probation department, the parties were entitled to a court review of that department's determination, in accordance with section 1202.4, subdivision (f)(1). *As a result of the trial court's erroneous belief that the settlement release barred further restitution as a matter of law, the parties did not receive such a hearing.*" (*Bernal*, *supra*, 101 Cal.App.4t at p. 164, italics added.)

Appellant's argument, however, ignores the second sentence. Here, the court was under no erroneous belief that precluded appellant from having a hearing on the amount of restitution. As indicated above, if appellant is dissatisfied with the probation department's determination of the amount of restitution due, he is entitled to a hearing under section 1202.4, subdivision (f)(1). *Bernal* is thus distinguishable, and does not support appellant's position.

Finally, appellant argues he was denied his due process rights under the United States Constitution because, he asserts, as a result of the challenged restitution order, (1) "[t]he trial court could not exercise its discretion regarding the proper amount of restitution," and (2) appellant was 'denied the opportunity to be heard regarding the amount of victim restitution." Again, we disagree.

4

"Due process is satisfied if appellant is given notice of the amount sought and a hearing to contest that amount."  (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.)  There is nothing in the record to suggest that appellant has not been given the required notice or that he has been denied his right to a hearing.  Indeed, there is no indication the probation department has yet made a determination of the amount of restitution.  Thus, the record does not support the claim of a due process violation.

**DISPOSITION**

The judgment is affirmed.