Filed 2/27/15  P. v. Damian CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY STEPHEN DAMIAN,<br><br>    Defendant and Appellant. | F068366<br><br>(Super. Ct. Nos. MF10355B, MF10492A, MF10632A, MF10633A )<br><br>**OPINION** |

THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  Cory J. Woodward, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Levy, Acting P.J., Kane, J. and Poochigian, J.

After being charged with numerous crimes in four cases, defendant Anthony Stephen Damian was sentenced on September 25, 2013, to a total of six years eight months according to a plea agreement.  On appeal, he contends (1) the trial court imposed an unauthorized sentence and violated ex post facto principles when it imposed a restitution fine in the amount of $280 pursuant to Penal Code section 1202.4, subdivision (b),[1] and (2) the trial court improperly ordered victim restitution pursuant to section 1202.4, subdivision (f) in an amount to be determined by the probation department.  We affirm.

## DISCUSSION

### I.    Restitution Fines

Defendant contends that the trial court erred by imposing a $280 restitution fine in two of his four cases because he committed the crimes charged in those two cases when section 1202.4 allowed for a minimum fine of $240, not $280.[2]  He asserts that the court intended to impose the minimum fine because it imposed the current minimum of $280.[3]  We disagree that the fine was unauthorized or that the trial court clearly intended to impose the minimum fine, and we conclude defendant nevertheless has forfeited his claim.

"Under the United States Constitution, "'any statute … which makes more burdensome the punishment for a crime, after its commission … is prohibited as *ex post*

---

[1]    All statutory references are to the Penal Code.

[2]    The two cases that are the subject of this issue are MF010355B and MF010492A.

[3]    In 2012, when defendant allegedly committed the crimes in these two cases, section 1202.4 provided in pertinent part:  "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.  [¶]  (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000) …."  (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 45, § 1.)

2.

*facto*.'"" [Citations.] The ex post facto clause of the state Constitution is in accord. [Citation.]" (*People v. Saelee* (1995) 35 Cal.App.4th 27, 30.) The prohibition against ex post facto laws applies to restitution fines, which constitute punishment. (*People v. Souza* (2012) 54 Cal.4th 90, 143.) An increase in the minimum restitution fine makes the authorized punishment more burdensome. (*People v. Saelee, supra,* at pp. 30-31.) Therefore, a court cannot apply an increased minimum restitution fine retroactively to a defendant whose crime occurred prior to the increase in the minimum restitution fine.

But a defendant can forfeit an ex post facto claim by failing to raise the issue (see *People v. White* (1997) 55 Cal.App.4th 914, 917), particularly where any error could easily have been corrected if the issue had been raised at the sentencing hearing. Generally, in the interests of fairness and judicial economy, only "claims properly raised and preserved by the parties are reviewable on appeal. [Citations.]" (*People v. Scott* (1994) 9 Cal.4th 331, 354 (*Scott*).) "'It is both unfair and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided.' [Citations.]" (*People v. Earp* (1999) 20 Cal.4th 826, 882.)

Although it is true that the forfeiture rule does not apply when a trial court imposes an unauthorized sentence (*Scott, supra,* 9 Cal.4th at p. 354), the sentence in this case was not unauthorized. An unauthorized sentence is one that "could not lawfully be imposed under any circumstance in the particular case." (*Ibid*.) Under the version of section 1202.4, subdivision (b) in effect when defendant committed the relevant crimes, the trial court had the discretion to impose a fine in an amount between $240 and $10,000. Because the $280 fine imposed fell within that range, the fine was authorized and the trial court had the discretion to impose it.

The trial court's imposition of the current minimum fine in two of the cases did not demonstrate that the court intended to impose the minimum restitution fine in the other two cases. The court's intent was not clear from the record, and we cannot assume the court intended to impose the minimum fine but was unaware that the applicable

3.

minimum was $240. The court did not expressly state that it intended to impose the minimum fine, and we will not presume the court applied the wrong statutory law (*People v. Mack* (1986) 178 Cal.App.3d 1026, 1032 ["It is a basic presumption indulged in by reviewing courts that the trial court is presumed to have known and applied the correct statutory and case law in the exercise of its official duties."].) The court may simply have been exercising its discretion to impose the fine it found appropriate in each case.

Under these circumstances, it was incumbent upon defendant to object to the fine amount in the trial court and bring the alleged mistake to the court's attention. His failure to do so forfeits the claim on appeal. (*Scott, supra,* 9 Cal.4th at p. 353 [the forfeiture doctrine "should apply to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices"].)

## II.     Victim Restitution

In two of the four cases, the trial court ordered victim restitution in an amount to be determined by the probation department.[4] Defendant argues this was an improper delegation of authority to the probation department. He asserts that section 1202.4, subdivision (f) requires the trial court to impose restitution. We disagree.[5]

Section 1202.4, subdivision (f) provides, in relevant part:

> "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court." (Italics added.)

---

[4]     The two cases that are the subject of this issue are MF010355B and MF010633A.

[5]     We assume without deciding that defendant has not forfeited this challenge by his failure to object in the trial court.

4.

Defendant contends the probation department is not equipped for the fact-finding hearings often required to determine restitution amounts, and he argues that the delegation of authority deprived him of his "right to confront the prosecution evidence and present his own evidence."

Defendant acknowledges that the court in *People v. Lunsford* (1998) 67 Cal.App.4th 901 (*Lunsford*) rejected this argument. There, the trial court ordered the defendant to pay restitution "'in an amount to be determined by the Office of Revenue Reimbursement.'" (*Id*. at p. 903.) The Court of Appeal concluded the court's order "complies with [section 1202.4, subdivision (f)] in that it 'directs' the Office of Revenue Reimbursement to 'determine' the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing." (*Ibid*.) The court noted, "If [the] defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with … section 1202.4, subdivision (f)(1), which provides: 'The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant. If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion.'" (*Id*. at p. 904.)

Defendant contends *Lunsford* "reached the wrong conclusion." In our view, however, the court's reasoning and its conclusion that a trial court may, under section 1202.4, subdivision (f), direct an agency other than the trial court to determine the amount of restitution were correct.

Defendant also relies on *People v. Bernal* (2002) 101 Cal.App.4th 155 (*Bernal*). In that case, the defendant was placed on felony probation and ordered to make restitution to the victim. After the defendant's insurer made a payment to the victim and she executed a release, the defendant sought an order determining that his restitution obligation had been satisfied. The trial court issued such an order, and the People

appealed. The Court of Appeal reversed and remanded the matter to the trial court to determine the defendant's remaining restitution obligation. The appellate court reasoned that the objectives of restitution included not only indemnifying the victim, but also rehabilitating the defendant and deterring the defendant and others, and that while the victim's act of executing the release "may [have] reflect[ed] [her] willingness to accept the amount paid in full satisfaction for all civil liability, it [did] not reflect the willingness of the People to accept that sum in satisfaction of the defendant's rehabilitative and deterrent debt to society." (*Id.* at pp. 161, 162.) Remand was necessary because the trial court, having mistakenly concluded that the victim's settlement release precluded an increase of the restitution award, had "failed to exercise its discretion, as it must do." (*Id.* at p. 164.)

Defendant relies specifically on the first sentence of the following statement in *Bernal*: "Although the trial court could properly refer the restitution determination to the probation department, the parties were entitled to a court review of that department's determination, in accordance with section 1202.4, subdivision (f)(1). *As a result of the trial court's erroneous belief that the settlement release barred further restitution as a matter of law, the parties did not receive such a hearing*." (*Bernal, supra*, 101 Cal.App.4th at p. 164, italics added, fn. omitted.) Defendant's argument, however, ignores the second sentence. Here, the court was under no erroneous belief that precluded defendant from having a hearing on the amount of restitution. As indicated above, if defendant is dissatisfied with the probation department's determination of the amount of restitution due, he is entitled to a hearing under section 1202.4, subdivision (f)(1). *Bernal* is thus distinguishable, and does not support defendant's position.

Finally, defendant argues he was denied his due process rights under the United States Constitution because "[t]he trial court could not exercise its discretion regarding the proper amount of restitution," and because defendant was "denied the opportunity to be heard regarding the amount of victim restitution …." Again, we disagree. "Due

process is satisfied if [the] appellant is given notice of the amount sought and a hearing to contest that amount." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) There is nothing in the record to suggest that defendant has not been given the required notice or that he has been denied his right to a hearing. Indeed, there is no indication the probation department has yet made a determination of the amount of restitution. Thus, the record does not support the claim of a due process violation.

## DISPOSITION

The judgment is affirmed.