Filed 9/16/20  P. v. Peterson CA5
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>XZAYVIA SAMOAN PETERSON,<br><br>Defendant and Appellant. | F077135<br><br>(Kern Super. Ct. Nos. BF165609A, BF163967A, BF166408A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Charles R. Brehmer, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Gerald A. Engler and Lance E. Winters, Chief Assistant Attorneys General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez, Amanda D. Cary, and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Meehan, J. and Snauffer, J.

Defendant and Appellant Xzayvia Samoan Peterson (appellant) pled no contest in case No. BF163967A to infliction of corporal injury on a cohabitant (Pen. Code, § 273.5),[1] in case No. BF165609A to assault with a deadly weapon other than a firearm (§ 245, subd. (a)(1)), and in case No. BF166408A, to assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4); count 1) and she admitted an on-bail enhancement (§ 12022.1) in this last case.

On March 6, 2018, pursuant to a plea agreement involving the three cases, the court sentenced her to an aggregate prison term of six years, the middle term of three years on her assault conviction in case No. BF165609A, and an on-bail enhancement in that case; a consecutive one year (one-third the middle term of three years) on her domestic violence conviction in case No. BF163967A; and a concurrent middle term of two years on her assault conviction in case No. BF166408A.

On appeal, appellant contends the trial court improperly ordered victim restitution pursuant to section 1202.4, subdivision (f) in an amount to be determined by the probation department. We rejected this argument in an unpublished opinion filed December 10, 2018.

Appellant filed a petition for rehearing, arguing that she was entitled to the benefits of then recently-enacted section 1001.36. She did not raise any challenges to our opinion's resolution of her restitution argument. We denied the petition for rehearing.

The Supreme Court subsequently issued its opinion in *People v. Frahs* (2020) 9 Cal.5th 618 (*Frahs*), holding that section 1001.36 is retroactive to people whose judgments are not final when the statute took effect. (See *Frahs*, at p. 846.) The Supreme Court transferred the present case back to this court with directions to reconsider the matter in light of *Frahs*. Because appellant's judgment was not final when section 1001.36 took effect, appellant "is entitled to a limited remand for the trial court to

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

decide whether [s]he should receive diversion under section 1001.36. We express no view regarding whether defendant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds [her] eligible." (*Frahs*, *supra*, 9 Cal.5th at p. 846.)[2] The Attorney General concedes that remand is appropriate.

## DISCUSSION[3]

### I. Appellant has not Established that Victim Restitution was Improperly Imposed

The court ordered appellant to pay victim restitution in each of the three cases "in an amount to be determined by the Probation Department at the direction of the court[.]" Appellant contends this was an improper delegation of authority to the probation department. She asserts that section 1202.4, subdivision (f) requires the trial court to impose restitution. We disagree.[4]

Section 1202.4, subdivision (f) provides, in relevant part:

"[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other

---

[2] Because appellant did not challenge our adjudication of the victim restitution issue in her petition for rehearing or her supplemental brief after remand, and because *Frahs* does not impact that issue, we leave our analysis of the issue undisturbed.

[3] The facts of the underlying offenses are omitted because they are not material to the issues appellant raises. The circumstances of the underlying offenses will be germane to the trial court's consideration of section 1001.36 on remand, which includes consideration of whether appellant's "mental disorder was a significant factor in the commission of the charged offense." (§ 1001.36, subd. (b)(1)(B).) However, the question before this court is simply whether a limited remand is appropriate. On that appellate issue, the question is whether appellant appears to have a qualifying mental disorder. (See *Frahs*, *supra*, 9 Cal.5th at p. 857.) A full consideration of section 1001.36 is to be done by the trial court in the first instance.

[4] We assume, without deciding, that appellant did not forfeit her challenge by her failure to object.

3.

showing to the court. *If the amount of loss cannot be ascertained at the time of sentencing, the restitution order shall include a provision that the amount shall be determined at the direction of the court.*"  (Italics added.)

Appellant contends the probation department is not equipped for the fact-finding hearings often required to determine restitution amounts, and she argues that the delegation of authority deprived her of her "right to confront the prosecution evidence and present [her] own evidence."

Appellant acknowledges that the court in *People v. Lunsford* (1998) 67 Cal.App.4th 901 (*Lunsford*) rejected this argument.  There, the trial court ordered the defendant to pay restitution " 'in an amount to be determined by the Office of Revenue Reimbursement….' "  (*Id.* at p. 903.)  The Court of Appeal concluded the court's order "complies with [section 1202.4, subdivision (f)] in that it 'directs' the Office of Revenue Reimbursement to 'determine' the amount of victim restitution because the proper amount could not be ascertained at the time of sentencing."  (*Ibid.*)  The court noted, "If [the] defendant is dissatisfied with the agency's determination, he may obtain judicial review in accordance with … section 1202.4, subdivision (f)(1), which provides:  'The defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution.  The court may modify the amount, on its own motion or on the motion of the district attorney, the victim or victims, or the defendant.  If a motion is made for modification of a restitution order, the victim shall be notified of that motion at least 10 days prior to the proceeding held to decide the motion.' "  (*Id.* at p. 904.)

Appellant contends *Lunsford* "reached the wrong conclusion."  In our view, however, the court's reasoning and its conclusion that a trial court may, under section 1202.4, subdivision (f), direct an agency other than the trial court to determine the amount of restitution, were correct.

Appellant also relies on *People v. Bernal* (2002) 101 Cal.App.4th 155 (*Bernal*).  In that case, the defendant was placed on felony probation and ordered to make restitution to the victim.  After the defendant's insurer made a payment to the victim and she executed

a release, the defendant sought an order determining that his restitution obligation had been satisfied. The trial court issued such an order, and the People appealed. The Court of Appeal reversed and remanded the matter to the trial court to determine the defendant's remaining restitution obligation. The appellate court reasoned that the objectives of restitution included not only indemnifying the victim, but also rehabilitating the defendant and deterring the defendant and others, and that while the victim's act of executing the release "may [have] reflect[ed] [her] willingness to accept the amount paid in full satisfaction for all civil liability, it [did] not reflect the willingness of the People to accept that sum in satisfaction of the defendant's rehabilitative and deterrent debt to society." (*Id.* at pp. 161–162.) Remand was necessary because the trial court, having mistakenly concluded that the victim's settlement release precluded an increase of the restitution award, had "failed to exercise its discretion, as it must do. [Citation.]" (*Id.* at p. 164.)

Appellant relies specifically on the first sentence of the following statement in *Bernal*: "Although the trial court could properly refer the restitution determination to the probation department, the parties were entitled to a court review of that department's determination, in accordance with section 1202.4, subdivision (f)(1). *As a result of the trial court's erroneous belief that the settlement release barred further restitution as a matter of law, the parties did not receive such a hearing.*" (*Bernal*, *supra*, 101 Cal.App.4th at p. 164, italics added.) Appellant's argument, however, ignores the second sentence. Here, the court was not under an erroneous belief that precluded defendant from having a hearing on the amount of restitution. As indicated above, if appellant is dissatisfied with the probation department's determination of the amount of restitution due, she is entitled to a hearing under section 1202.4, subdivision (f)(1). *Bernal* is thus distinguishable and does not support appellant's position.

Appellant also argues she was denied her due process rights under the United States Constitution because "[t]he trial court could not exercise its discretion regarding

5.

the proper amount of restitution," and because appellant was "denied the opportunity to be heard regarding the amount of victim restitution...." Again, we disagree. "Due process is satisfied if [the] appellant is given notice of the amount sought and a hearing to contest that amount. [Citation.]" (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) There is nothing in the record to suggest that appellant has not been given the required notice or that she has been denied her right to a hearing. Indeed, there is no indication the probation department has yet made a determination of the amount of restitution. Thus, the record does not support the claim of a due process violation.

## II.    Limited Remand is Required Under *Frahs*

"In June 2018, the Legislature enacted Penal Code sections 1001.35 and 1001.36, which created a pretrial diversion program for certain defendants with mental health disorders. [Citation.]" (*Frahs*, *supra*, 9 Cal.5th at p. 845, fn. omitted.) These provisions became effective immediately. (*Id* at p. 847.) They are retroactively applicable to judgments that were not final when the statutes went into effect. Because appellant's appeal is still pending, her judgment is not final. Consequently, these pretrial diversion statutes retroactively apply to her.

When a defendant was convicted before section 1001.36 became effective, "the record on appeal is unlikely to include information pertaining to several eligibility factors …." (*Frahs*, *supra*, 9 Cal.5th at p. 855.) Thus, "requiring defendants to show they would meet all threshold eligibility requirements before the appellate court may remand the case to the trial court – which decides in the first instance whether a defendant is eligible for diversion – would be inconsistent with any sensible retroactive application of the statute." (*Ibid.*) Thus, a limited remand is warranted when the record discloses the defendant "appears" to suffer from a qualifying mental disorder under section 1001.36, subdivision (b)(1)(A). (*Frahs*, *supra*, 9 Cal.5th at p. 857.) Both parties agree that a limited remand is appropriate here.

6.

A qualifying mental disorder means "a mental disorder as identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders, including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or posttraumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia. Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert." (§ 1001.36, subd. (b)(1)(A).)

Here, clinical Psychologist Thomas Middleton, Ph.D., diagnosed appellant with a depressive disorder. Dr. Middleton also left open the possibility appellant suffered from bipolar disorder. Clinical Psychologist Dean Haddock, Psy.D., diagnosed appellant with persistent depressive disorder as well as an unspecified anxiety disorder. Dr. Haddock left open the possibility appellant suffered from posttraumatic stress disorder. This evidence is sufficient to warrant a limited remand under *Frahs*.

## DISPOSITION

The judgment is conditionally reversed and remanded for the trial court to consider appellant's eligibility for diversion under section 1001.36. If the trial court grants diversion and appellant successfully completes diversion and otherwise satisfies the requirements of section 1001.36, then the court shall dismiss the charges. However, if the court determines that appellant does not meet the criteria for diversion under section 1001.36, or if appellant does not successfully complete diversion, then her convictions and sentence shall be reinstated. We express no view concerning whether appellant will be able to show eligibility on remand or whether the trial court should exercise its discretion to grant diversion if it finds her eligible.