[No. B123828. Second Dist., Div. Two. Feb. 3, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
BENDIX L. THYGESEN, Defendant and Appellant.

COUNSEL

Jonathan B. Steiner and Richard Fitzer, under appointments by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka and Wendy Chase Arenson, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

NOTT, J.—Bendix L. Thygesen appeals from the imposition of a restitution order. The sole issue before us is whether the trial court correctly awarded the victim 13 months of rent. For the reasons that follow, we hold the award was not supported by the evidence. We therefore reverse and remand.

FACTS

On May 19, 1997, appellant rented a cement mixer (the mixer) from Bonner's Equipment Rental (Bonner), a small equipment rental yard. The mixer was purportedly a high quality gas cement mixer powered by an eight horsepower Honda engine. The weekly rental rate was $98, with a monthly rental rate of $294.

Appellant failed to make a timely return of the mixer. When contacted by employees of Bonner, appellant claimed the mixer had been stolen.

Appellant eventually pled guilty to the theft of the mixer.[1] A restitution hearing was held in order to determine the mixer's value, which was estimated in the probation report as being $1,400 (new) or $500-$700 (used), plus loss of use. The overall estimate in the report was a total loss to the victim of $3,235.60.

The sole witness to testify was James Flores, the current manager of Bonner. Although Flores had been in the equipment rental business for five years, he had only been at Bonner four to five months before this loss. He did not know the age of the mixer, nor did he testify as to its original cost. Further, he did not bring any records to show how often the mixer had been rented out prior to its loss, nor did he testify to that effect.

Flores did provide redacted parts of a catalogue which showed list and discounted prices for cement mixers which were close, but not exact, to the model which appellant had stolen.[2] He then testified that the replacement cost of the mixer was $3,331. He also stated that the monthly rental loss was $294, and the mixer had not yet been replaced, over 13 months after the loss. Flores requested, in addition to the replacement cost, the sum of $3,822 ($294 times 13 months) for the loss of use.

At the conclusion of the hearing, the trial court gave Flores his choice of accepting for Bonner either replacement cost of $2,098.98, or loss of use in the sum of $3,822. Not surprisingly, Flores opted for the larger amount. Appellant contends the award was excessive, and should have been limited to the correct replacement value of the mixer.

DISCUSSION

1. *The Restitution Statute*

In 1982, California voters enacted Proposition 8 (Cal. Const., art. I, § 28, subd. (b)), part of which declared that a victim of crime has the right to be reimbursed by the perpetrator of the crime for the financial loss the victim suffered.

---

[1]In an unrelated count, appellant was charged with petty theft with a prior as to the conversion of a $250 check (count I). Pursuant to a plea bargain, appellant was placed on probation and sentenced to nine months in county jail on count I, and count II (grand theft of the cement mixer) was dismissed.

[2]The record was unclear as to whether the catalogue was strictly for new cement mixers, or whether it also contained prices for used mixers.

■ Thereafter, Penal Code section 1202.4[3] was enacted, and has been amended on several occasions. That section controls the restitution issues that are before us. In subdivision (a)(1), the Legislature announced its intent that a victim of crime should receive recompense from the perpetrator for "any economic loss."

The relevant additional subsections provide, in pertinent part: "(f) In every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court. . . . [¶] . . . [¶] (3) To the extent possible, the restitution order shall . . . be of a dollar amount that is sufficient to fully reimburse the victim or victims *for every determined economic loss* incurred as the result of the defendant's criminal conduct, including, *but not limited to*, all of the following: [¶] (A) Full or partial payment for the value of stolen or damaged property. The value of stolen or damaged property shall be the *replacement cost* of *like* property. . . . [¶] . . . [¶] (D) Wages or *profits* lost by the victim . . . . [¶] . . . [¶] (F) Interest, at the rate of 10 percent per annum, that accrues as of the date of sentencing or loss, as determined by the court." (Italics added.)

It is therefore clear the Legislature has mandated that, except for "compelling and extraordinary reasons," the trial court is required to order full restitution to a crime victim who has suffered an economic loss. (Subd. (f); *People* v. *Rowland* (1997) 51 Cal.App.4th 1745, 1754 [60 Cal.Rptr.2d 351]; *People* v. *Ortiz* (1997) 53 Cal.App.4th 791, 799-800 [62 Cal.Rptr.2d 66].)

2. *Standard of Review*

As the trial court is vested with great discretion in fixing a restitution award, some cases have held that appellate review is guided by the abuse of discretion standard. (*People* v. *Ortiz, supra,* 53 Cal.App.4th at p. 800; *People* v. *Tucker* (1995) 37 Cal.App.4th 1, 6 [44 Cal.Rptr.2d 1].) ■ Under that standard, we are required to keep in mind that even though the trial court has broad discretion in making a restitution award, that discretion is not unlimited. While it is not required to make an order in keeping with the exact amount of loss, the trial court must use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious. (*People* v. *Carbajal* (1995) 10 Cal.4th 1114, 1121 [43 Cal.Rptr.2d 681, 899 P.2d 67]; *People* v. *Tucker, supra,* at p. 6.)

However, *People* v. *Vournazos* (1988) 198 Cal.App.3d 948, 958-959 [244 Cal.Rptr. 82] applied the substantial evidence test in concluding that a

---

[3]Unless otherwise stated, all statutory references are to Penal Code section 1202.4.

hearsay probation report was insufficient evidence upon which to base a restitution award.

Whichever standard of review (or combination thereof) is used makes little practical difference in the present matter. If there is no substantial evidence to support the award, and assuming no other rational explanation, the trial court will have obviously abused its discretion.

3. *Analysis*

a. *Due Process*

■ Appellant first contends that since the probation report listed Bonner's loss at $3,235.60, that was the most the trial court could order without offending appellant's due process right to notice of the maximum exposure he would have at the restitution hearing. That argument is without merit.

Due process is satisfied if appellant is given notice of the amount sought and a hearing to contest that amount. (*People* v. *Foster* (1993) 14 Cal.App.4th 939, 947 [18 Cal.Rptr.2d 1].) As the appellate court pointed out in *Foster*, fluctuations in value of certain objects, as well as varied opinions of value, often make it impossible to state with precision before a hearing the exact amount which will make the victim whole.

Appellant would have a better argument if, in reliance on the probation report, he did not prepare to contest the restitution hearing and the trial court subsequently ordered a sum in excess of the noticed amount in the probation report. However, that is not the case here. Not only did appellant attend the hearing, he presented evidence that the replacement value was either a high of $1,938 or a low of $1,647. Appellant was also aware in advance of the hearing that the estimate by the probation officer included moneys for loss of use of the mixer. Therefore, appellant was prepared at the hearing to argue against loss of use as well as any amount in excess of $1,938. Thus, he was not prejudiced by an award that exceeded the probation officer's recommendation by only $586.40.

b. *Determination of Economic Loss*

■ Citing *People* v. *Foster, supra,* 14 Cal.App.4th 939, appellant next contends that under subdivision (f)(3)(A), the trial court was limited to award only the replacement value of the mixer. He asserts that the court improperly considered potential rental value. We disagree for several reasons.

First, *Foster* and the cases internally cited therein involved the loss of personal items where no loss of use was claimed. Accordingly, there was no discussion as to whether loss of use would be an appropriate item of recovery. In *Foster*, the loss was of a Persian rug. In *People* v. *Hartley* (1984) 163 Cal.App.3d 126 [209 Cal.Rptr. 131], the loss was of three gold rings. In *People* v. *Vournazos, supra*, 198 Cal.App. 3d at page 952, footnote 2, the loss involved repair to the victim's automobile plus the disappearance of personal items in the automobile, such as sunglasses and wallets.

Second, the plain reading of subdivision (f)(3) shows that a victim is to be made whole, without limitation, "to fully reimburse the victim or victims for *every* determined economic loss . . . ." (Italics added.) Subdivision (f)(3) goes on in subsections (A) through (G) to list the types of losses included. Subsection (D) includes lost wages or profits.

Appellant make the alternate argument that the term "profit" should not include the full rental amount, but only the net profit the victim would have realized for the rental of the mixer. That argument runs counter to the legislative intent to make a victim whole for every economic loss. The price set on the rental of all of Bonner's equipment necessarily provides for overhead, depreciation, and profit. Overhead is an ongoing factor in any business. The loss of use of a rental item would possibly have a negative impact on Bonner's overall financial condition and ability to meet its monthly overhead. We hold that the term "profit," in the case of a commercial loss, is reasonably interpreted as meaning "gross profit."

Further, the list of factors to be considered in subsections (A) through (G) is not exclusive. Subdivision (f)(3) specifically states that in determining what is a loss, the trial court shall consider, but is not limited to the factors in subsections (A) through (G).

Losses to victims will vary from case to case. For example, in a situation involving a victim who has a ring or necklace stolen, there may be no economic loss other than the actual value of the ring or necklace. The same is not true of a victim who is in business. The economic loss may well include the loss of revenue the stolen item would have produced. We therefore hold that loss of use is a factor for the trial court to consider in making a victim whole under section 1202.4.

■ Having said that, we now turn to whether the award in the instant case was proper. We find that it was not.

First, there was no logical reason why the trial court made Flores choose between the replacement value of the mixer or the 13 months' loss of rental

value. The correct award should have been predicated on the "replacement cost of *like* property." (Subd. (f)(3)(A), italics added.) Additionally, Bonner should receive a reasonable amount for loss of use. Unfortunately, there was absolutely no evidence presented to the trial court from which a rational determination as to either type of loss could have been made.

Flores had no idea of the age of the mixer, other than he doubted it was more than 10 years old. It would seem to have been a simple thing for someone connected with Bonner to testify as to the age of the mixer, its original price, and what it would cost to replace it with a mixer of like type and age. As to a victim, the purpose of the restitution statute is to make that victim whole, not to give a windfall. Bonner is not entitled to replace a used mixer with a brand new one at appellant's expense, absent some extraordinary facts. If Bonner were a car rental agency that lost a 1995 Ford Taurus, it would be entitled to the replacement value of a similar 1995 Ford Taurus, not a 1999 model.

Determination of loss of use necessarily involves evidence as to a several factors. Initially, the trial court will have to determine the length of time it took (or reasonably should have taken) the victim to replace the stolen item. Next, the court will multiply the days lost by a reasonable rental rate. In computing what is reasonable, evidence will have to be supplied as to how often the item was rented and the annual (or monthly/daily) income it has historically produced.

In the present case, the only information the trial court had before it was the rental rate. Flores neither testified nor produced any documentary evidence as to how often the mixer was used. Nor did Flores give any explanation why the mixer had not been replaced in over 13 months. Despite that total lack of evidence, the trial court made an award based on the speculative proposition that the mixer would have been rented out every week for 13 months.

Logic dictates that had the mixer been that valuable, Bonner would have replaced it in a heartbeat. The fact that Bonner did not do so leads to the suspicion that the mixer was not all that profitable or essential to the business.

We conclude that there was no evidence to warrant Bonner's failure to replace the mixer for 13 months, nor was there substantial evidence to support an award for 13 full months of rent. Further, in order to justify a restitution award that exceeds the loss caused by the defendant, the trial court must state that such excessive award was purposely made to serve a

legitimate rehabilitative purpose. (*People* v. *Richards* (1976) 17 Cal.3d 614, 622 [131 Cal.Rptr. 537, 552 P.2d 97]; *People* v. *Rivera* (1989) 212 Cal.App.3d 1153, 1161 [261 Cal.Rptr. 93].) The trial court did not do so in the present case. Accordingly, the restitution award was in error.

## DISPOSITION

The restitution award in favor of Bonner is reversed. The matter is remanded to the trial court for a new hearing. Any award therefrom shall be based on the reasonable replacement value of a cement mixer of like style and age, as well as loss of rental value from the date of loss to the date the mixer should have reasonably been replaced. The trial court may also consider an award of interest under section 1202.4, subdivision (f)(3)(F).

Boren, P. J., and Zebrowski, J., concurred.