Filed 4/29/14  P. v. Ramirez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JAIME ZAMORA RAMIREZ,<br><br>    Defendant and Appellant. | G048396<br><br>(Super. Ct. No. 10HF0027)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kazuharu Makino, Judge.  Reversed and remanded.

Edward J. Haggerty, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Merissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal comes to us following a remand for resentencing during which the trial court ordered appellant to pay $5,685 in restitution. Appellant contends there is insufficient evidence to support the order, and we agree. Because the prosecution failed to provide sufficient documentation to justify the court's restitution order, we reverse the order and remand for further proceedings.

PROCEDURAL BACKGROUND

In July 2011, appellant was convicted of raping Sonia C. and Leticia A., as well as sexually penetrating Sonia with a foreign object. Pursuant to the One Strike Law, the jury found true allegations appellant victimized multiple women and committed the crimes against Sonia during the course of a burglary. Additionally, the trial court found appellant had suffered a prior serious felony conviction within the meaning of Penal Code section 667, subdivision (a) and the Three Strikes law.[1] At the sentencing hearing, the court sentenced appellant to multiple life terms in prison. The prosecution did not request restitution on behalf of the victims at that time.

We affirmed appellant's convictions on appeal but reversed the true finding on the prior serious felony allegation for insufficient evidence and vacated appellant's sentence. (*People v. Ramirez* (Dec. 18, 2012, G045950) [nonpub. opn.].) On remand, the prosecution elected not to retry appellant on the allegation, and the matter proceeded for resentencing. At that hearing, the prosecution moved for restitution on behalf of the Victim Compensation and Government Claims Board (the Board). In support of the motion, the prosecution presented two request forms it had received from the Board, one on behalf of each victim. The forms – entitled "Request[s] for Restitution" – indicate the Board paid $2,935 to Sonia and $2,750 to Leticia for medical treatment and mental health expenses they incurred in connection with this case. Although the request forms include the date of the underlying crimes and the date the forms were submitted to the

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

prosecution, they do not reflect when or where the victims were treated, nor do they describe the particular type of services they received.

At the sentencing hearing, defense counsel opposed the restitution request on two grounds. First, she argued "there is nothing [in the request forms] that indicates which services were sought" by the victims. Defense counsel also pointed out there was no documentation as to "when these services were provided." Defense counsel argued that if the services were provided before the original sentencing hearing, then restitution should have been requested at that hearing, and the present request was untimely. The trial court was not persuaded. It ordered appellant to pay restitution to the Board in the requested amount of $5,685.

DISCUSSION

Appellant contends the order should be reversed for lack of evidentiary support. We agree.

As a preliminary matter, the Attorney General asserts appellant forfeited his right to challenge the sufficiency of the evidence to support the order. "'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous [sentencing] ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal.' [Citation.] '"The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]"' [Citation.]" (*People v. McCullough* (2013) 56 Cal.4th 589, 593.) The forfeiture rule is quite broad and has even been applied in cases where the defendant's sentencing claim is couched in terms of a sufficiency-of-the-evidence argument. (*Id*. at pp. 593-599 [by failing to raise issue in trial court, appellant forfeited claim there was insufficient evidence he had the ability to pay booking fee].)

Here, however, defense counsel opposed the prosecution's restitution request on the basis it failed to show which services the victims had received and when those services were provided. Defense counsel did not believe there was an adequate

3

evidentiary foundation for the prosecution's request. Because defense counsel challenged the sufficiency of the state's evidence below, appellant has every right to do so on appeal.

In California, crime victims have the right to receive restitution for losses attributable to the defendant's actions. (Cal. Const., art. I, § 28, subd. (b)(13)(B); § 1202.4, subd. (a)(1)).) In fact, "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." (§ 1202.4, subd. (f).) Generally, restitution hearings are informal, and the moving party is not required to present any particular kind of proof. (*People v. Lockwood* (2013) 214 Cal.App.4th 91, 96.) However, "section 1202.4, subdivision (f)(4) includes special provisions" that are applicable when, as here, "state funds are used to provide assistance to or on behalf of a victim[.]" (*Ibid*.)

In that situation, "the amount of assistance provided shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered." (§ 1202.4, subd. (f)(4)(A).) But, as a matter of proof, the amount of assistance provided must "be established by copies of bills submitted to [the Board] reflecting the amount paid by the [B]oard and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation. Certified copies of these bills provided by the [B]oard and redacted to protect the privacy and safety of the victim or any legal privilege, together with a statement made under penalty of perjury by the custodian of records that those bills were submitted to and were paid by the [B]oard, shall be sufficient to meet this requirement." (§ 1202.4, subd. (f)(4)(B); see, e.g., *People v. Lockwood, supra*, 214 Cal.App.4th 91 [upholding restitution award where Board

4

member supplied the victim's medical records and billing information to the court and testified at the restitution hearing about the victim's expenses].)

In making its claim for restitution in this case, the prosecution did not provide any bill copies or sworn statements to the court. Rather, it simply submitted the Board's request forms indicating the victims had been reimbursed $5,685 for unspecified medical and mental health services. Although the setting of restitution is largely a discretionary matter, there must be """"a factual and rational basis for the amount of restitution ordered by the trial court[.]""""" (*People v. Millard* (2009) 175 Cal.App.4th 7, 26, quoting *In re Johnny M.* (2002) 100 Cal.App.4th 1128, 1132.) "The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.) Indeed, as explained above, the law is very specific as to the type of documentation the movant must provide in cases such as this, where the Board is seeking restitution for payments made to crime victims.

Despite this statutory directive, the Attorney General argues the absence of supporting documentation is immaterial here because, "Under Government Code section 13954, the [Board] must verify all victim restitution amounts with 'hospitals, physicians, law enforcement officials, or other interested parties involved' to provide victim restitution." The Attorney General sees this as an assurance the Board's restitution request accurately reflected the amount of assistance it provided to the victims in this case. The Attorney General also suggests the prosecution would have been happy to supply supporting documentation for the Board's request, had defense counsel objected to the adequacy of its evidence below.

But defense counsel *did* object to the sufficiency of the prosecution's proof at the restitution hearing. Apparently, the prosecutor did not have the supporting documentation with her at the hearing, or she simply did not believe it was necessary to provide it to the court. Either way, the end result is that the state did not present sufficient evidence to support its claim for restitution. We therefore reverse the

5

restitution award against appellant and remand for a new restitution hearing.  (See *People v. Harvest* (2000) 84 Cal.App.4th 641, 649 [victim restitution does not constitute punishment for double jeopardy purposes]; *People v. Thygesen* (1999) 69 Cal.App.4th 988, 995-996.)

## DISPOSITION

The trial court's order requiring appellant to pay restitution in the amount of $5,685 is reversed, and the matter is remanded for a new restitution hearing.  In all other respects, the judgment is affirmed.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.