Filed 7/28/15  P. v. Agustin CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE ELISEO AGUSTIN,<br><br>    Defendant and Appellant. | H041555<br>(Monterey County<br>Super. Ct. No. SS121847A) |

Defendant Jose Eliseo Agustin pleaded no contest to participating in the robbery of a Wal-Mart store where he worked.  The trial court sentenced him to four years in state prison and, following a restitution hearing, ordered him to pay victim restitution in the amount of $126,501.93.  On appeal, defendant contends the restitution order is unsupported by substantial evidence.  We disagree and affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant worked at a Wal-Mart store on North Main Street in Salinas.  On August 14, 2012, that store was robbed at gunpoint while defendant and another employee were emptying the cash registers for the night.

The North Main Street Wal-Mart was robbed again while defendant was working on September 27, 2012.  Defendant radioed the employee working in the cash office and gave the code indicating an armored car had arrived.  The employee opened the door to the cash office and led a man dressed in an armored car company uniform into the cash office.  Inside the office, the man pointed a gun at the employee, zip tied the employee's

hands, emptied the safe and cash drawers, and left. Defendant told officers he had called 911. He then consented to a search of his cell phone. On defendant's cell phone, officers found a text message from "Junior" saying "I wanted to show you the uniform." The subscriber associated with the phone number belonging to "Junior" was Rachel Chacon Ruiz. One of Ruiz's relatives, Richard Chacon Jr., closely resembled the suspect as he appeared in Wal-Mart surveillance videos from the two robberies. Further investigation revealed defendant was Chacon's nephew. Chacon was killed in a gun fight with police.

In an amended complaint filed on November 14, 2012, the Monterey County District Attorney charged defendant in connection with the two Wal-Mart robberies. Defendant was charged with three counts of second degree robbery (Pen. Code, § 211)[1] while a principal was armed with a firearm (§ 12022, subd. (a)(1)); three counts of assault with a firearm (§ 245); and one count of false imprisonment by violence (§ 236) while a principal was armed with a firearm.

Defendant pleaded no contest to one count of second degree robbery and one count of assault with a firearm in connection with the September 27, 2012 robbery. Defendant also admitted the firearm allegation and executed a *Harvey*[2] waiver, allowing the sentencing judge to consider the August robbery in setting the amount of victim restitution. The court sentenced defendant to four years in state prison, as called for by his plea agreement.

With respect to victim restitution, the probation officer's report stated that, according to Wal-Mart, $34,325 was stolen during the August robbery and $117,870.91 was stolen in the September robbery. At a hearing on victim restitution, the prosecutor submitted Wal-Mart incident reports stating $34,325 was stolen in the August robbery and $117,506.02 was stolen in the September robbery. The prosecutor also submitted the handwritten notes of an employee showing $34,324.91 was taken in the August robbery.

---

[1] Unspecified statutory references are to the Penal Code.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

Defense counsel submitted "Cash Office Room Balance" records he received from Wal-Mart. Those records showed a "total error am[oun]t" of $34,138.83 for August 14, 2012 and a "total error am[oun]t" of $108,640.50 for September 27, 2012. Defense counsel stated his "belief" that the records show what Wal-Mart "lost on those days." No one from Wal-Mart testified to the meaning of the Cash Office Room Balance records. The parties agreed that Wal-Mart's losses were offset by $25,329, which was recovered from Chacon.

On October 10, 2014, at the conclusion of the restitution hearing, the court found $34,324.91 was taken in the August robbery and $117,506.02 was taken in the September robbery. After offsetting the $25,329 that police recovered, the court ordered defendant to pay $126,501.93 in victim restitution.

Defendant timely appealed.

## II.    DISCUSSION

On appeal, defendant argues the court's finding that $117,506.02 was taken in the September robbery is unsupported by substantial evidence.

Section 1202.4, subdivision (f) requires courts to order victim restitution in every case in which a victim suffers economic loss as a result of the defendant's conduct. "The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.) " 'Section 1202.4 does not, by its terms, require any particular kind of proof.' " (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1320 (*Holmberg*).) Once the prosecution has made a prima facie showing of the victim's loss, "the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." (*People v. Prosser* (2007) 157 Cal.App.4th 682, 691.) "The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*Holmberg, supra*, at p. 1319.)

We review a victim restitution award for abuse of discretion. (*Holmberg, supra*, 195 Cal.App.4th at p. 1320.) " '[T]he court's discretion in setting the amount of

3

restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*Holmberg*, *supra*, at p. 1320.) But "[i]f there is no substantial evidence to support the award, and assuming no other rational explanation, the trial court will have obviously abused its discretion." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.)

Here, the People submitted a Wal-Mart incident report showing Wal-Mart lost $117,506.02 in the September robbery. That report constituted prima facie evidence of a $117,506.02 loss, such that the burden shifted to defendant to disprove that amount of loss. Contrary to defendant's suggestion, the fact that the Wal-Mart incident report does not indicate how much money was taken from the safe and cash drawers respectively does not render it insufficient to support the restitution award. " 'Section 1202.4 does not . . . require any particular kind of proof' " and " 'the trial court . . . may accept a property owner's statement made in the probation report about the value of stolen or damaged property' " " 'as prima facie evidence of loss.' " (*Holmberg*, *supra*, 195 Cal.App.4th at p. 1320.) Certainly the Wal-Mart incident report is at least as reliable as an owner's bare statement about the value of stolen property.

Defendant maintains that even if the prosecutor presented prima facie evidence of a $117,506.02 loss, he carried his burden to disprove that amount by submitting the Cash Office Room Balance record. Defendant characterizes that document as evidence "the robber took less money than was reflected on the incident report." But that characterization is speculative. There is no evidence the "total error am[oun]t" on the Cash Office Room Balance record reflects the amount stolen in the September robbery. Defendant concedes as much, acknowledging he "was not able to explain what the amounts on the [Cash Office Room Balance record] meant."

4

In calculating the victim restitution award, the trial court rationally relied on the Wal-Mart incident report and disregarded the meaningless Cash Office Room Balance record.  We find no abuse of discretion.

## III.    DISPOSITION

The judgment is affirmed.

_____
                              Walsh, J.[*]


WE CONCUR:




_____
      Rushing, P. J.




_____
      Elia, J.




People v. Agustin
H041555

_____

[*] Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.