Filed 11/17/15  P. v. Garza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DORALYE ANITA GARZA,<br><br>    Defendant and Appellant. | H042012<br>(Monterey County<br>Super. Ct. No. SS142903A) |

Defendant Doralye Anita Garza pleaded guilty to first degree residential burglary (Pen. Code, § 459).[1]  Based on the burglary victim's testimony, the trial court ordered Garza to pay $5,555 in victim restitution, including $3,000 to compensate the victim for an opal ring stolen in the burglary.  Garza appeals that order, arguing the court abused its discretion in valuing the ring.  We shall affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    *The Burglary*

We take the facts of the crime from the probation report.  Timothy Gillott arrived at his house in Salinas at approximately 4:00 a.m. on November 13, 2014.  As he walked up the front steps, a red Suburban parked in front of the house sounded its horn.  Two men and a woman ran out the front door of Gillott's house.  Gillott grabbed the woman and held her until police arrived.  The men fled in the Suburban.

---

[1] Unspecified statutory references are to the Penal Code.

The woman, later identified as defendant, initially denied any involvement in the burglary. She later admitted to probation that she broke into the house. However, she said that she did so alone and that she took nothing.

The burglars had entered by breaking the glass in a side door and had ransacked the house. Officers found some items belonging to Gillott in his front yard and on his front steps. One item that was taken but not recovered was an antique opal ring left to Gillott by his deceased girlfriend.

### B.     *The Complaint, Defendant's Plea, and Sentencing*

The Monterey County District Attorney charged defendant with felony first degree residential burglary (§ 459) on November 14, 2014. Defendant pleaded guilty to the burglary on November 26, 2014. At a sentencing hearing on January 7, 2015, the court suspended imposition of sentence and placed defendant on probation for three years. The court imposed various probation conditions, including that defendant serve one year in county jail and pay victim restitution in an amount determined by the court.

### C.     *Victim Restitution*

Gillott requested $5,555 in victim restitution to compensate him for items broken and stolen in the burglary, including the ring that had belonged to his deceased girlfriend. The parties stipulated to a minimum restitution amount of $2,555. Defendant requested a restitution hearing regarding the antique opal ring, which Gillott valued at $3,000.

At the restitution hearing, Gillott testified that his girlfriend had inherited an opal ring, which became his property when she died. The ring was stolen in the November 2014 burglary. Gillott testified that the opal was the size of a "big peanut" and "might have been what's called a fire opal." He "guess[ed]" that the stone was in a gold setting, noting he had not looked at the ring in 25 years. Gillott researched similarly sized opal rings on the Internet to determine the ring's value. His research revealed a range of prices for similar rings, from approximately $2,000 to $10,000. He valued the ring at $3,000 because it was at the low end of that price range.

At a continuation of the hearing, defense counsel stated he had performed his own Internet research of "a variety of opal rings, big and small, gold and platinum, with and without other stones" and found them to range in price from $100 to $11,000. Defense counsel also spoke with a certified gemologist who indicated that an opal could be worth as little as $5 or as much as $30,000, depending on quality. A jewelry store owner told counsel that even a very large opal was unlikely to be worth more than $1,000 to $1,500.

The court ordered victim restitution in the amount of $3,000 for the ring. In doing so, the court credited Gillott's testimony and noted that, as "the only person in the room who saw the ring," he was "in the best position to do the research to find a comparable ring."

Defendant timely appealed.

## II. DISCUSSION

On appeal, defendant maintains the trial court abused its discretion in awarding $3,000 in victim restitution for the opal ring because there was no rational basis for that amount and her counsel presented evidence rebutting Gillott's estimate.

### A. *Legal Principles and Standard of Review*

Section 1202.4, subdivision (f) requires courts to order victim restitution in every case in which a victim suffers economic loss as a result of the defendant's conduct. Where property has been stolen, the amount of restitution is the replacement cost of like property. (§ 1202.4, subd. (f)(3)(A).)

"The standard of proof at a restitution hearing is preponderance of the evidence, not reasonable doubt." (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1319 (*Holmberg*).) "There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might be recoverable in a civil action." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.)

3

"The burden is on the party seeking restitution to provide an adequate factual basis for the claim." (*People v. Giordano* (2007) 42 Cal.4th 644, 664.) " 'Section 1202.4 does not, by its terms, require any particular kind of proof.' " (*Holmberg*, *supra*, 195 Cal.App.4th at p. 1320.) "[I]t is well settled that 'statements by the victims of the crimes about the value of the property stolen constitute "prima facie evidence of value for purposes of restitution." ' " (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690 (*Prosser*).) "Were the law otherwise, a victim in a case such as this would be without a means for recovery. A victim who has no receipts or appraisals for property received by gift, and who no longer has possession of the property, may have no way of providing a detailed description or obtaining an appraisal. . . . If the thief has disposed of the property and is, like the victim, ill poised to provide a detailed description or an appraisal, it is indeed awkward. [Because] the situation is one of the thief's own making, and as between the victim and the thief, the equities favor the victim." (*Id.* at p. 691.) Once the prosecution has made a prima facie showing of the victim's loss, "the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim." (*Ibid.*)

We review a victim restitution award for abuse of discretion. (*Holmberg*, *supra*, 195 Cal.App.4th at p. 1320.) " '[T]he court's discretion in setting the amount of restitution is broad, and it may use any rational method of fixing the amount of restitution as long as it is reasonably calculated to make the victim whole.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) " ' "When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court." ' " (*Holmberg*, *supra*, at p. 1320.) But "[i]f there is no substantial evidence to support the award, and assuming no other rational explanation, the trial court will have obviously abused its discretion." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.)

### B.    Analysis

On appeal, our inquiry is two-fold.  First, we must determine whether Gillott's testimony constituted an adequate factual basis for the $3,000 restitution award.  If it did, then the question becomes whether defendant carried her burden to demonstrate that the ring was worth less than $3,000.

As noted, crime victims' statements about the value of stolen property constitute prima facie evidence of value for purposes of restitution.  (*Prosser*, *supra*, 157 Cal.App.4th at p. 690.)  Because restitution need not "be limited to the exact amount of the loss" (*People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121), that rule applies even where crime victims lack perfect knowledge of a stolen item's value, so long as there is a factual and rational basis for the order.  Thus, in *People v. Baker* (2005) 126 Cal.App.4th 463, the owners of stolen cattle were permitted to recover restitution for calves they believed to have been born to the stolen cows, even though "the owner-victims admitted they had no personal knowledge as to whether the cows bore calves."  (*Id.* at p. 469 ["there was substantial evidence before the court to determine, by a preponderance of the evidence, that the misappropriated cattle bore calves each year while they were in defendant's possession"].)  And in *People v. Phu* (2009) 179 Cal.App.4th 280, 284, a defendant who illegally diverted power to his house was ordered to pay restitution to the public utility district based on the date he started utility service even though "it could not be ascertained with certainty when power began being illegally diverted."  (See *People v. Ortiz* (1997) 53 Cal.App.4th 791 [affirming restitution award from defendant convicted of possessing counterfeit cassette tapes based on an *estimate* of the number of counterfeit tapes she had sold, where that estimate was based on cash and materials found in her possession].)

Here, Gillott's testimony constituted prima facie evidence of his loss.  Contrary to defendant's claim, Gillott's valuation was not a guess.  It was an estimate informed by his knowledge of the ring's characteristics and his research of comparably sized opal rings.

Defendant contends that even if the prosecution made a prima facie showing that the ring's replacement value was $3,000, she carried her burden to demonstrate the ring was worth less than that.  We disagree.  Her counsel's Internet research and conversation with a gemologist indicated that opal rings can vary widely in their value.  But defense counsel admitted that he did not limit his research to rings like the one that was stolen—those with stones the size of a "big peanut."  Instead, he researched "a variety of opal rings, big and small, gold and platinum, with and without other stones."  And the gemologist referred only generally to opal stones, not those of a particular size.  While a jewelry store owner told defense counsel that even a large opal was unlikely to be worth more than between $1,000 and $1,500, that evidence was contradicted by defense counsel's own research.

For the foregoing reasons, we conclude the trial court did not abuse its discretion in its restitution award.

## III.    DISPOSITION

The restitution order is affirmed.

6

_____
Walsh, J.*

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.

People v. Garza
H042012

_____
* Judge of the Santa Clara County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.