Filed 3/21/16  P. v. McClintock CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C077953 |
| Plaintiff and Respondent, | (Super. Ct. No. CM039376) |
| v. | |
| ROBERT FRANK MCCLINTOCK, | |
| Defendant and Appellant. | |

Defendant Robert Frank McClintock entered a negotiated plea of no contest to first degree murder (Pen. Code, § 187, subd. (a); undesignated section references are to this code; count 1) and attempted murder (§§ 664, 187, subd. (a); count 3) in exchange for an agreed-upon sentence in state prison and the dismissal of the remaining counts and allegations with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.  The court sentenced defendant to state prison and awarded victim restitution in the amount of $3,652.29 to Melissa Reyes (the daughter of the deceased victim), $5,973.50 to the Victim Compensation and Government Claims Board (Board), and reserved jurisdiction to determine restitution to the surviving victims (counts 2 & 3) and the deceased victim's estate.

1

Defendant appeals. He contends the $5,973.50 award to the Board was an unauthorized sentence and must be stricken because there were no certified copies of bills together with a statement that the bills were paid by the Board. Defendant also contends no notice was given of any restitution owing to Reyes and claims that Reyes's request, which included $3,000 for attorney fees, was unconscionable and the trial court abused its discretion in awarding the same. We affirm the judgment.

FACTS

A detailed recitation of the facts underlying defendant's offenses is not required in view of the contentions raised on appeal. Suffice it to say that in the early morning hours on September 2, 2013, defendant entered the home where his brother Rodney McClintock was living with his girlfriend Nancy T. and her 12-year-old daughter Chloe T. Defendant proceeded first to the master bedroom where defendant shot his brother at least three times, wounding him, and Nancy one time in the chest, resulting in her death. Defendant then went to Chloe's room and shot her twice in the left leg. Defendant was a transient and had been allowed to live in a camper on the property but had, apparently, outstayed his welcome and was about to be evicted.

DISCUSSION

I

Defendant contends copies of bills and a statement were not provided establishing the Board paid $5,973.50 for certain services. Thus, he argues, the amount awarded was unauthorized. We reject defendant's claim the award amounted to an unauthorized sentence and conclude his belated claim is forfeited.

At sentencing, the court stated it had read the probation report plus all attachments. The court considered the Board's request for reimbursement for monies paid out totaling $5,973.50. Monies were paid to Nancy's daughter Melissa Reyes for funeral and burial expenses and to Reyes and Rodney McClintock for mental health counseling. According to the court, the Board submitted a written request for

2

reimbursement to the probation officer who attached it to the probation report. When the court asked defense counsel whether he stipulated to the amount, defense counsel responded he would submit the matter. The court ordered defendant to pay the amount to the Board "pursuant to stipulation."

Section 1202.4, subdivision (f)(4)(B) provides the "amount of assistance provided by the Restitution Fund shall be established by copies of bills submitted to the California Victim Compensation and Government Claims Board reflecting the amount paid by the board and whether the services for which payment was made were for medical or dental expenses, funeral or burial expenses, mental health counseling, wage or support losses, or rehabilitation." The section further provides that certified copies of bills together with a statement under penalty of perjury that the bills were submitted and paid meet the requirement.

This is not a case involving an unauthorized sentence, that is, one that "could not lawfully be imposed under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Instead, defendant challenges the order as one having been "imposed in a procedurally or factually flawed manner" which does not constitute an unauthorized sentence. (*Ibid*.)

The circumstances here are similar to those in *People v. Brasure* (2008) 42 Cal.4th 1037, where the defendant challenged a victim restitution award based on the lack of documentation or sworn testimony supporting the amount of losses. *Brasure* concluded the defendant's claim did not raise an unauthorized sentence but instead a challenge to the award as unwarranted by the evidence and thus his failure to object rendered his claim forfeited. (*Id*. at p. 1075.)

We conclude the same here. While the trial court erroneously stated defense counsel stipulated to the amount, defense counsel did not object but simply submitted the matter. Defendant argues to "submit" preserves the right to challenge the evidence as insufficient to support the order, citing *In re Richard K.* (1994) 25 Cal.App.4th 580, 589.

3

But the statute requires defendant to "*dispute* the determination of the amount of restitution." (§ 1202.4, subd. (f)(1), italics added; see *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1168-1185.) Defendant did not "dispute" the amount so defendant's claim is forfeited.

Moreover, sufficient evidence supports the trial court's order. The Board submitted a written request, showing the monies paid out on behalf of the victims and the purpose for the same. Defendant submitted no contrary evidence and did not ask for a continuance for a restitution hearing on the amounts. The amounts are thus presumed correct. (§ 1202.4, subd. (f)(4)(A), (C).)

II

Defendant contends he was not given any notice of Reyes's claim for restitution in the amount awarded. We reject his claim.

"Due process is satisfied if [defendant] is given notice of the amount sought and a hearing to contest that amount. [Citation.]" (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.)

At sentencing, the court considered the written request for victim restitution in the amount of $3,652.29 to Reyes ($3,000 for attorney fees and the rest for mileage). Although not "listed" in the probation report, Reyes's written request was attached to the probation report, according to the statements of the prosecutor and the court. Defense counsel received the probation report prior to sentencing, having referred to the report at the beginning of sentencing. Defendant thus had notice of Reyes's claim. When the court asked defense counsel whether he stipulated to the amount, defense counsel submitted the matter. He did not dispute the amount, did not present contrary evidence, and did not request a hearing or a continuance. The court awarded the requested amount to Reyes. Defendant had an opportunity to contest the amount. Due process was satisfied.

4

III

For the first time on appeal, defendant contends Reyes's request for reimbursement of $3,000 for attorney fees was unconscionable, unreasonable, and exorbitant. He speculates Reyes's attorney helped her in obtaining reimbursement only for her mileage to and from court. We need not consider this argument because his claim is forfeited. In any event, there is no evidence Reyes's attorney did no more than make efforts to obtain reimbursement for Reyes's mileage.

Reasonable attorney fees are recoverable as restitution when incurred by a victim for services rendered in efforts to collect restitution permitted under the statute. (§ 1202.4, subd. (f)(3)(H); *People v. Fulton* (2003) 109 Cal.App.4th 876, 879, 884-885.) The record reflects Reyes's economic losses included mileage, funeral and burial costs, and the costs of mental health counseling. Defendant did not dispute the amount requested as restitution for attorney fees. His claim is thus forfeited. Moreover, absent contrary evidence, defendant has failed to demonstrate the award was not proper. (*Fulton, supra*, at p. 890.)

DISPOSITION

The judgment is affirmed.

                                                                          NICHOLSON     , J.

We concur:

      RAYE            , P. J.

      MAURO         , J.