Filed 6/29/16  P. v. Cross CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARLEESHA MARIE CROSS et al.,<br><br>    Defendants and Appellants. | B262332<br><br>(Los Angeles County<br>Super. Ct. No. MA064584) |

APPEAL from an order of the Superior Court of Los Angeles County.  Lisa M. Chung, Judge.  Affirmed as modified.

Nikoo N. Berenji, under appointment by the Court of Appeal, for Defendant and Appellant Marleesha Marie Cross.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant Delquan Jamond Williams.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

.

Defendants Marleesha Marie Cross and Delquan Jamond Williams entered no contest pleas to second degree burglary and cruelty to a child, based on defendants' unlawful reentry into their apartment after they had been lawfully evicted.  (Pen. Code, §§ 273a, subd. (b), 459.)[1]  Defendants were sentenced to county jail terms.  Following a restitution hearing, defendants were ordered to pay $7,416.87 for their landlord's economic losses.  Defendants appeal the trial court's restitution order, contending the court awarded the victim (defendants' former landlord) expenses incurred as a consequence of their tenancy and eviction, not for their crimes.  The People concede that many of the claimed losses were not recoverable as victim restitution.  We agree, strike the restitution order, and modify the order to award $784.58 in restitution, plus 10 percent interest.

## BACKGROUND

According to the probations reports, defendants were lawfully evicted from their apartment by a Los Angeles County Sheriff's Department's lockout on October 2, 2014.  That day, the landlord, Khader Chacck Azzuz, changed the locks to the apartment.  He was later informed that defendants had moved back into the apartment, and on October 14, 2014, Mr. Azzuz went to the apartment, and saw that the bottom lock on the front door had been replaced, and that his key did not work.  Mr. Azzuz contacted the sheriff's department, and on October 17, 2014, deputies went to the apartment, announced their presence, and made a forced entry after the apartment's occupants refused to open the door.  Both defendants, and three minor children, were found in the apartment.  Deputies found eight marijuana plants in the apartment.  There was no electricity, and garbage was strewn all over the floor.  When defendant Williams was questioned, he admitted to changing the apartment's lock, claiming the apartment belonged to him.  Defendants were arrested.

---

[1]     All further statutory references are to the Penal Code.

2

.

A contested restitution hearing was held on February 26, 2015. At the hearing, Mr. Azzuz testified that he was the managing agent for the LLC that owned the apartment. He sought to recover unpaid rent from June through September 2014, and for 18 days in October 2014. Mr. Azzuz testified that the daily rental rate was $34.27. He also sought to recover costs related to the eviction, including the costs to have the locks changed on October 2, 2014, and legal fees related to the eviction. Mr. Azzuz also sought to recover expenses to remove and store defendants' furniture which they left in the apartment following their eviction and never claimed or recovered.

As to defendants' unlawful entry into the apartment, Mr. Azzuz testified that a neighbor reported that defendants had broken into the apartment on October 14, 2014. Mr. Azzuz had not inspected the property between October 2, the day defendants were evicted, and October 14. When he went to the unit on the 14th, and walked through it, no one was there. He found food in the apartment, and it looked like someone had been living there. He did not testify to the condition of the property on October 14.

On October 17, 2014, Mr. Azzuz and sheriff's deputies returned to the apartment, and defendants were arrested. Mr. Azzuz incurred $375 in fees to board up the apartment, and change the locks again. He also paid $272.50 to repair a broken window which defendants had used to gain entry into the apartment.

The furnishings were removed from the apartment on October 17, 2014, and Mr. Azzuz inspected the property that day. He noted that a bathroom cabinet, the garage door, a closet door, the carpet, and the front door were damaged. Mr. Azzuz testified the carpet needed to be replaced because dogs and chickens were found in the unit when defendants were removed on October 17. The carpet "was completely trashed."

Defense counsel argued that most of the damages were related to the tenancy, and were not recoverable as restitution. Nevertheless, the court found that all the damages Mr. Azzuz claimed were recoverable, and ordered $7,416.87 in restitution, plus interest of 10 percent.

.

## DISCUSSION

Crime victims have a constitutional right to seek restitution for "losses as a result of criminal activity . . . from the persons convicted of the crimes causing the losses they suffer." (Cal. Const., art. I, § 28, subd. (b)(13)(A).) To effectuate this right, the Legislature has required courts to order that "the defendant make restitution to the victim or victims" "in every case in which a victim has suffered economic loss *as a result of the defendant's conduct.*" (§ 1202.4, subd. (f), italics added.) When, as is the case here, the defendant is sentenced to a period of incarceration, the court may only order restitution for losses arising out of the "criminal conduct for which the defendant has been convicted." (*People v. Lai* (2006) 138 Cal.App.4th 1227, 1247; see also *People v. Woods* (2008) 161 Cal.App.4th 1045, 1049; *People v. Percelle* (2005) 126 Cal.App.4th 164, 179-180.)

The standard of proof at a restitution hearing is preponderance of the evidence. (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) Once the victim establishes a prima facie showing of the economic loss that the victim suffered, the burden shifts to the defendant to establish that the amount of loss is less than that claimed by the victim. (*People v. Taylor* (2011) 197 Cal.App.4th 757, 761.)

A trial court's order of victim restitution is reviewed for an abuse of discretion. (*People v. Giordano* (2007) 42 Cal.4th 644, 663-664; *People v. Baker* (2005) 126 Cal.App.4th 463, 467.) "When considering a trial court's restitution determination, we consider whether it is arbitrary, capricious, or beyond the bounds of reason under all the circumstances." (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275.) No abuse of discretion will be found when there is a factual and rational basis for the amount of victim restitution ordered by the trial court. (*People v. Baker*, *supra*, at p. 467.) However, if there is no substantial evidence to support the award, the trial court has abused its discretion. (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 995-996.)

Here, most of the ordered restitution was for damages incurred as a result of the *tenancy,* and not as a result of defendants' crimes. Damages for unpaid rent for June through September, legal fees related to the eviction, and fees for the removal and storage

4

of defendants' furniture, were incurred as a result of defendants' breach of the lease, not as a result of the criminal conduct of which they were convicted. Moreover, as to the damage to the bathroom cabinet, the garage door, a closet door, the carpet, and the front door, there was no evidence when these damages were sustained to support an inference that defendants vandalized the property after they broke in on October 14, as opposed to having caused the damage during their tenancy. On this record, the only recoverable damages stemmed from defendants' unlawful occupation of the unit between October 14 and 17, including four days rent ($136.08), the cost to replace the broken window ($272.50), and the cost to install a new lock and for board-up services ($375). As a result, we strike the other damages, and order the restitution award modified to recover damages of $784.58, plus 10 percent interest. (§ 1202.4, subd. (f)(3)(G).)

## DISPOSITION

We strike and modify the restitution order to award $784.58, plus 10 percent interest. The trial court is directed to forward new abstracts of judgment reflecting this modification to the Department of Corrections and Rehabilitation. In all other respects, the order is affirmed.


GRIMES, J.

WE CONCUR:

BIGELOW, P. J.


FLIER, J.


5