Filed 2/10/23  P. v. Delgado CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br>c | C096161 |
| Plaintiff and Respondent, | (Super. Ct. No. 20F7124) |
| v. | |
| DANNY DON DELGADO, | |
| Defendant and Appellant. | |

Defendant Danny Don Delgado appeals from a postconviction order granting the People's motion to require him to pay approximately $3,600 in victim restitution. Defendant's appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel informed defendant of his right to file a supplemental brief, and he has not filed one.  In the interest of judicial economy, we exercise our discretion to independently review the record.

1

We conclude the trial court erred in awarding victim restitution as it relates to relocation expenses under Penal Code section 1202.4, subdivision (f)(3)(I) because there was no verification by law enforcement or a mental health treatment provider supporting the necessity of the victim's relocation costs. (Statutory section citations that follow are found in the Penal Code unless otherwise stated.) We reverse the restitution order as to relocation expenses and remand for further proceedings, including affording the People the opportunity to provide the required verification.

FACTS AND HISTORY OF THE PROCEEDINGS

In October 2020 defendant was involved in a domestic dispute with his girlfriend while they lived together in a fifth-wheel trailer on defendant's mother's property. During an argument, defendant broke several items of his girlfriend's property, including a mirror, cabinet, and table, and also took her purse, phone, and keys. Defendant followed his girlfriend outside the trailer and threatened and assaulted her. His girlfriend called police, and the next day, an officer forced open the trailer door (since defendant had taken the victim's keys) and searched inside where he saw the damaged mirror.

In December 2020, defendant pleaded no contest to one count of corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)) and admitted a prior strike conviction (§ 1170.12) in exchange for eight years in prison and dismissal of the remaining charges and allegations. After waiving referral for a probation report, the trial court immediately sentenced defendant to the stipulated term of eight years. The court ordered victim restitution, but reserved jurisdiction on the amount. Nothing in the record shows defendant appealed the judgment.

In June 2021, the People sought approximately $3,000 in direct victim restitution based on costs to replace property defendant or the police had damaged during the October 2020 altercation, and costs related to moving the fifth-wheel trailer from the property. To support the restitution request, the People submitted pictures of the

damages incurred, copies of receipts to fix the damage and to relocate the trailer, and a sworn statement from the victim describing the damage and the reason for relocating due to safety concerns.

Defendant objected to certain amounts claimed for moving the trailer, including costs to relocate the trailer, to replace a worn tire that blew during the move, and to fix damage to the skirting on the trailer caused by the blown tire. His opposition brief noted that although a victim might be entitled to costs for relocation, law enforcement had to verify the need to relocate.

At a contested hearing in April 2022, the trial court awarded $3,654.93 in victim restitution, including relocation costs, finding that defendant's girlfriend had to move the trailer for immediate safety reasons given defendant's criminal conduct and his unknown whereabouts, and that she would not have had to move the trailer had defendant not committed the charged offenses.

Defendant timely appealed.

Defendant's counsel filed a *Wende* brief, served defendant with a copy of the brief and the appellate record, and informed defendant that he could file a supplemental brief within 30 days. Appellate counsel's notice to defendant did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous." (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221 (*Delgadillo*).) The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid.*)

3

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not constitutionally required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo, supra*, 14 Cal.5th at pp. 222, 224-225.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id*. at pp. 229-232.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record given that the lower court's "suboptimal" notice to defendant referenced *Wende* but did not indicate that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 233.)

While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo*, at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"]), which is not the type of postconviction order at issue here, the same principles may nonetheless apply given that this does not appear to be a first appeal as of right. (See *People v. Akins* (2005) 128 Cal.App.4th 1376, 1381, fn. 3 [recognizing restitution order constitutes a postjudgment order].) However, we need not decide whether *Delgadillo* in fact governs review of the instant order because, like the Supreme Court, we shall exercise our discretion to conduct an independent review of the record.

Having independently reviewed the record, we conclude the trial court abused its discretion by awarding relocation costs as an item of victim restitution without complying with the verification requirements in section 1202.4, subdivision (f)(3)(I). (*People v. Giordano* (2007) 42 Cal.4th 644, 663 [a trial court's restitution order is reviewed for abuse of discretion]; *People v. Baudoin* (2022) 85 Cal.App.5th 1184, 1191 (*Baudoin*)

4

[failure to comply with statutory requirement for verification of costs to relocate away from a defendant mandated reversal of restitution order].)

Section 1202.4 provides that a crime victim "who incurs an economic loss as a result of the commission of a crime shall receive restitution directly from a defendant convicted of that crime." (§ 1202.4, subd. (a)(1).) Under subdivision (f) of section 1202.4, in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim in an amount established by court order, based on the amount of loss claimed by the victim or any other showing to the court. (§ 1202.4, subd. (f).)

As relevant here, section 1202.4, subdivision (f)(3)(I) provides that recoverable restitution costs include "[e]xpenses incurred by an adult victim in relocating away from the defendant, including, but not limited to, deposits for utilities and telephone service, deposits for rental housing, temporary lodging and food expenses, clothing, and personal items." (§ 1202.4, subd. (f)(3)(I).) The subdivision, however, expressly requires that such relocation costs "be verified by law enforcement to be necessary for the personal safety of the victim or by a mental health treatment provider to be necessary for the emotional well-being of the victim." (*Ibid.*)

In this case, the court awarded the victim relocation expenses after finding that she moved the trailer for purposes of her immediate safety since officers had been unable to locate defendant, and defendant had threatened to burn down the victim's trailer and blow up her car if she attempted to leave. Essentially, the victim relocated to get away from defendant and to ensure he did not know her whereabouts. Under those circumstances, the verification requirements in section 1202.4, subdivision (f)(3)(I) applied. (See *Baudoin, supra*, 85 Cal.App.5th at p. 1192.)

But nothing in the record shows that the People submitted the requisite verifications. The request for restitution did not include a letter or other type of verification from either law enforcement or a mental health professional stating that

5

relocation was necessary for the victim's safety or mental health. (Compare *People v. Mearns* (2002) 97 Cal.App.4th 493, 497, 502-503 [finding that a letter submitted by a law enforcement investigator at the restitution hearing stating the victim's mobilehome that was sold was incapable of being secured from intruders because of its shoddy construction, and that the victim was in constant fear of being assaulted again in the mobilehome sufficiently satisfied section 1202.4, subdivision (f)(3)(I)'s verification requirements].)[1] We therefore remand the matter for a new restitution hearing regarding relocation expenses, including affording the People the opportunity to provide the necessary verification. (*Baudoin, supra*, 85 Cal.App.5th at p. 1196 [reversing restitution order and remanding for further proceedings to provide the People an opportunity to submit proper verification of relocation costs]; see also *People v. Harvest* (2000) 84 Cal.App.4th 641, 645, 650 [restitution award made at resentencing does not implicate double jeopardy and is not constitutionally barred]; *People v. Thygesen* (1999) 69 Cal.App.4th 988, 996 [remanding for new restitution hearing following reversal of restitution award].)

---

[1] To the extent *People v. Mearns, supra*, 97 Cal.App.4th at page 503, held in the alternative that the court's restitution order regarding relocation costs was also authorized under the first sentence of section 1202.4, subdivision (f) regardless of the specific verification requirements in section 1202.4, subdivision (f)(3)(I), we disagree for the reasons expressed by the court in *Baudoin*. (See *Baudoin, supra*, 85 Cal.App.5th at pp. 1184-1185 ["To read the first sentence of section 1202.4, subdivision (f) as permitting imposition of moving related costs for relocating away from the defendant (including to prevent the defendant from finding the victim again) without giving force to the verification requirement set forth in section 1202.4(f)(3)(I) renders section 1202.4(f)(3)(I) surplusage and a nullity[,]" which should be avoided under settled rules of statutory construction].)

## DISPOSITION

The order of restitution is reversed insofar as it included relocation expenses, and the matter is remanded for a further restitution hearing at which the People shall have the opportunity to verify the relocation costs pursuant to section 1202.4, subdivision (f)(3)(I).

                                 _____

                                 HULL, J.

We concur:

_____

ROBIE, Acting P. J.

_____

MAURO, J.