Filed 6/7/16  P. v. Serrano CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B266523 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA139459) |
| v. | |
| JOAQUIN LINARES SERRANO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Yvonne T. Sanchez, Judge. Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Margaret E. Maxwell and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Joaquin Linares Serrano pled no contest to a felony count of first degree residential burglary (Pen. Code, § 459).[1] He was sentenced to two years in state prison, and was ordered to pay fines and fees totaling $370. Following a separate restitution hearing, he was ordered to pay victim restitution in the amount of $250 plus 10 percent interest. He contends on appeal that the trial court abused its discretion in awarding victim restitution because the amount was not supported by substantial evidence. We affirm.

## BACKGROUND

According to the probation officer's report, on June 23, 2015, officers responded to a burglary report at a studio apartment. They were informed that two pairs of athletic shoes and a Los Angeles Lakers jacket were missing. They recovered these items, as well as several expired checks, during appellant's arrest the same day.

During the victim restitution hearing on August 7, 2015, the prosecutor indicated the victim had submitted a restitution request in the amount of $350 for Air Jordan shoes the victim "claimed were ruined, stolen and ruined as a result." The prosecutor noted the victim was not seeking restitution for the other pair of Air Jordans that were stolen and returned "pristine in the box."

Defense counsel objected to a restitution award on the grounds the shoes were returned to the victim the same day they were stolen, the shoes did not look ruined in a picture the prosecution had, the shoes were used, and the victim should only be entitled to the cost of having them cleaned. The prosecutor explained that the shoes were stolen from an apartment on a ranch, were worn around the ranch, and the picture showed "dirt all over the shoes." The prosecutor also stated, "So it would seem to me that this victim is requesting restitution for these shoes because obviously he's a collector, he collects the shoes."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. The two remaining misdemeanor counts for identity theft were dismissed.

Defense counsel argued the prosecutor was making an assumption that the victim was a collector. The prosecutor countered defense counsel was making an assumption that the shoes were "fine."

The trial court stated: "My understanding is this is a specialty pair of shoes, they were released in 2007 and 2011, retro look, a special type of shoe, according to this that I have in front of me." The court then ordered restitution to the victim in the amount of $250 plus interest. When defense counsel asked if that was the court's ruling "despite looking at the condition in which the shoes were returned," the court responded, "[t]hat's why I reduced it to $250. [¶] . . . [¶] I think they have some value, they are no longer pristine Air Jordans."

## DISCUSSION

Section 1202.4, subdivision (f) provides that "in every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims or any other showing to the court." Restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).)

A defendant has the right to a hearing before a judge to dispute the determination of the amount of restitution. (§ 1202.4, subd. (f)(1).) "At a victim restitution hearing, a prima facie case for restitution is made by the People based in part on a victim's testimony on, or other claim or statement of, the amount of his or her economic loss." (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.) The burden then shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. (*Ibid.*; *People v. Chappelone* (2010) 183 Cal.App.4th 1159, 1172.)

We review a trial court's restitution award for abuse of discretion. (*People v. Millard, supra*, 175 Cal.App.4th at p. 26.) "There is no requirement the restitution order be limited to the exact amount of the loss in which the defendant is actually found culpable, nor is there any requirement the order reflect the amount of damages that might

3

be recoverable in a civil action." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) The trial court need only "use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious." (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 992.)

Appellant argues the prosecutor failed to make a prima facie case for restitution because she presented no evidence of the value of the shoes or estimated replacement cost, their condition at the time they were stolen, or that they were kept as a collectible.

The problem with appellant's argument is that the reporter's transcript of the restitution hearing makes clear that the trial court was reviewing a document which described the shoes as "a specialty pair of shoes, they were released in 2007 and 2011, retro look, a special type of shoe." In the respondent's brief, the People refer to this document as "the victim's restitution request." But there is no copy of this document in the record on appeal. Nor is there a copy of the photograph of the shoes that was presented at the hearing. It is well settled that a "'judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

Without a copy of the relevant documents before us, we cannot presume that the trial court abused its discretion in making a restitution award of $250. Indeed, the trial court did not grant the victim the full amount of requested restitution, but reduced it by $100, recognizing the shoes had some value but were not returned in a pristine condition. Under the circumstances presented here, appellant has not shown that the court's order was irrational, arbitrary or capricious.

**DISPOSITION**

The order awarding victim restitution is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
HOFFSTADT

5