Filed 6/28/22 P. v. Solorzano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C093649 |
| Plaintiff and Respondent, | (Super. Ct. No. CR20184524) |
| v. | |
| ALEJANDRA MARIA SOLORZANO, | |
| Defendant and Appellant. | |

Following her plea of no contest to two counts stemming from her driving under the influence, the trial court sentenced defendant Alejandra Maria Solorzano to probation. At a subsequent hearing, defendant was ordered to pay over $3,000 in direct victim restitution. She now appeals the restitution order and purports to challenge the fines, fees, and assessments imposed at her sentencing. She also seeks correction of the probation order; as to this last point, we agree correction is necessary.

1

The Attorney General argues the restitution order was unauthorized due to its exclusion of one of the claims; we conclude this argument is forfeited but order correction of a calculation error in the restitution order.

We otherwise affirm the judgment.

BACKGROUND

In April 2018, while driving with a blood-alcohol concentration of 0.38 percent, defendant was involved in two car accidents. She pleaded no contest to driving under the influence of alcohol and causing injury (Veh. Code, § 23153, subd. (a)) and admitted an enhancement allegation (*id.*, § 23578). She also pleaded no contest to misdemeanor child endangerment (Pen. Code, § 273a).[1] The trial court dismissed the remaining charges with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754.

On September 10, 2019, the trial court suspended imposition of sentence and placed defendant on four years of formal probation. As relevant here, the court ordered defendant to pay the minimum restitution fine (with a subsequent reduction for custody time), reduced the penalty assessment from $2,100 to $1,209, and imposed several fees. Defendant did not appeal from her sentencing.

L. Garcia was the driver of one of the vehicles defendant damaged. At the sentencing hearing, the trial court ordered $205 in victim restitution to Garcia and reserved jurisdiction over restitution. In August 2020, the matter was calendared for a further restitution hearing; the People represented that the requested amount was $2,281.91, but did not provide any documentation at that time.

At the February 2021 restitution hearing, the prosecutor indicated the restitution amount might be "slightly higher" although he did not have an updated amount from the victim; he intended to inquire further. Defendant did not object.

---

[1] Undesignated statutory references are to the Penal Code.

At the hearing, Garcia testified she was requesting $2,281.91 in restitution. After the accident, her truck had to be towed, costing her $205. She could not work for a month as a result of the accident, which cost her $1,800 in lost wages, as she had surgery three days before the accident but her pain increased for two weeks after the accident. She also could not get to work because she did not have a car. When she renewed her insurance, Garcia received a letter stating her premiums were being increased because she had been in this accident. She spoke to her insurance company and told them the accident was not her fault, but the company still raised her rates. Her husband also sometimes drove the truck and the truck was the only drivable vehicle covered under this insurance policy. As a result of the accident, her car insurance increased from $24 a month to $46 a month for 26 months, for a total of $572.[2]

Garcia's truck was totaled as a result of the accident. She and her husband had purchased the truck for $4,500 and insurance paid $3,500 on the claim. Approximately two years after the accident, the truck was sold for $300.

Approximately one month after the accident, Garcia moved to Mexico to care for her father. She had to pay $276.96 to move to Mexico. She also had to pay $400 in airfare to and from Mexico to previous hearings and $240 for travel by car from Mexico.

Defense counsel cross-examined Garcia about her increased car insurance premiums and any possible other reasons for the increased premiums, lost wages and the specific reasons she could not work, the amount of damage to her truck and tow charges, and the expenses and reasons for travel to court hearings. Defense counsel also asked about the purchase price and sale of the truck as well as insurance payments received.

The People argued all of the reported costs were reasonably connected to the incident, including the insurance increase and travel from Mexico. Defense counsel

_____

[2] The accident occurred at the end of April 2018, and Garcia's husband sold the truck in July 2020.

agreed Garcia was entitled to the costs for the tow but argued that: (1) Garcia had already been reimbursed by the insurance company for the depreciated value of the truck; (2) it was unlawful for her insurance company to raise her premiums based on an accident in which she was not at fault, so defendant was not responsible for the increased rate; (3) defendant was not liable for Garcia's travel to and from Mexico; and (4) defendant was not responsible for lost wages as Garcia made no effort to mitigate her losses.

The trial court ordered restitution of $3,677 total, including expenses related to the tow, a month of lost wages, increased insurance payments, and $700 for the difference between the cost of the truck and the amount reimbursed by insurance, less $300 for the truck's sale. The court declined to award Garcia any amount for the Mexico claims.

After the trial court announced its order, defense counsel moved the court not to award more restitution than had been originally requested by the prosecutor and argued it was a due process violation to award an amount greater than had been requested prior to the hearing, stating "we were basically ambushed with the new claim." The court declined to reduce the amount of the award.

Defendant timely appealed. The case was fully briefed on December 29, 2021, and assigned to this panel on January 24, 2022. Defendant requested argument and the matter was heard on June 21, 2022.

## DISCUSSION

### I

### *Victim Restitution*

Defendant contends the victim restitution order must be vacated, as the amount was excessive and because it was without factual and rational basis, violated due process, constituted punishment, and was an abuse of discretion. She adds a claim of error based on the absence of an ability to pay determination and argues the amount ordered was not reasonably related to the accident.

4

She specifically challenges the inclusion of amounts related to Garcia's Mexico claims despite the fact that no costs were ordered in that regard as well as reimbursement for the loss of the truck, increased insurance premiums, and lost wages. She claims the order violated her right to due process because she was not given notice of the $3,677 amount.

A. *General Legal Background*

Direct victim restitution is constitutionally mandated in California. (Cal. Const., art. I, § 28, subd. (b)(13)(B).) Section 1202.4, subdivision (f) implements this constitutional requirement, providing "for a direct restitution order 'in every case in which a victim has suffered economic loss as a result of the defendant's conduct.' The order is to be for an amount 'sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct.' " (*People v. Brasure* (2008) 42 Cal.4th 1037, 1074-1075.) In accordance with this mandate, "[a] victim's restitution right is to be broadly and liberally construed." (*People v. Mearns* (2002) 97 Cal.App.4th 493, 500.)

A crime victim is entitled to restitution for economic losses caused by a defendant's criminal conduct. (Cal. Const., art. I, § 28, subd. (b)(13)(B); § 1202.4, subds. (a)(1) & (f).) The amount of restitution "shall be of a dollar amount that is sufficient to fully reimburse the victim or victims for every determined economic loss incurred as the result of the defendant's criminal conduct." (§ 1202.4, subd. (f)(3).) "Thus, restitution not only requires a crime, a victim, and an economic loss, but the victim must have actually suffered the economic loss because of the criminal conduct." (*People v. Busser* (2010) 186 Cal.App.4th 1503, 1508.) "Victims are only entitled to an amount of restitution so as to make them whole, but nothing more, from their actual losses arising out of the defendants' criminal behavior." (*Id.* at p. 1510.) "[V]ictim restitution is limited to economic loss but is unlimited in the amount that can be ordered." (*People v. Harvest* (2000) 84 Cal.App.4th 641, 649.)

5

B. *Ability to Pay*

We first dispense with defendant's claim the trial court was required to find an ability to pay direct victim restitution. Defendant's purported authority is not on point to her assertion; indeed, the applicable law is to the contrary. Section 1202.4, subdivision (g) specifically provides that "[a] defendant's inability to pay *shall not be a consideration* in determining the amount of a restitution order." (Italics added.) To the extent defendant is attempting to raise a claim on this point under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, we reject this effort. *Dueñas* addressed restitution fines under section 1202.4, subdivision (b), which are paid to the court, not direct restitution to the victim under section 1202.4, subdivision (f). As this court has previously observed, "The principles articulated in *Dueñas* have not been extended to a victim restitution payment under section 1202.4, subdivision (f)." (*People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 859.)

C. *Rational and Factual Basis*

When calculating the amount of restitution, the court must use a " 'rational method that could reasonably be said to make the victim whole.' " (*People v. Mearns, supra,* 97 Cal.App.4th at p. 498.) The amount of restitution must have a " 'factual and rational basis.' " (*Id.* at p. 499.) "A victim's restitution right is to be broadly and liberally construed." (*Id.* at p. 500.) " 'When there is a factual and rational basis for the amount of restitution ordered by the trial court, no abuse of discretion will be found by the reviewing court.' " (*Id.* at p. 499.)

"The standard of proof at a restitution hearing is preponderance of the evidence. [Citation.] A victim's statement of economic loss is prima facie evidence of loss. [Citation.] To rebut a prima facie case, the defendant has the burden to disprove the amount of losses the victim claimed." (*People v. Grandpierre* (2021) 66 Cal.App.5th 111, 115.)

6

A defendant's criminal conduct must be the proximate cause of the economic loss. (*People v. Foalima* (2015) 239 Cal.App.4th 1376, 1396.) In determining whether the defendant's conduct was the proximate cause of the loss, the court applies the "substantial factor" test. (*Ibid.*) Under this test, the defendant's conduct is the proximate cause of the loss if the defendant's conduct was a substantial factor in bringing about the loss. (*Ibid.*) Simply put, the test is whether the victim would have incurred losses had the defendant committed no crime. (*Id*. at p. 1397.) The test is a broad one and requires only that the contribution of the defendant's conduct be more than negligible or theoretical. (*People v. Holmberg* (2011) 195 Cal.App.4th 1310, 1321.)

As she did in the trial court, defendant concedes the propriety of the $205 for the expense of towing Garcia's truck. As we have noted above, no award was given for the Mexico claims. This leaves defendant's arguments as to the propriety of the awarded amounts for the loss of the truck, increased insurance premiums, and lost wages.

The nature of the challenge to restitution for the loss of the truck itself is unclear. Defendant states the truck was "fully paid for by [defendant's] insurance" and notes correctly that Garcia received all but $700 of the purchase price. But defendant does not explain why the trial court's award of $700 related to the truck was an abuse of its discretion. Defendant also notes Garcia received the insurance money approximately one month after the accident, arguing any payments for loss of use were properly limited to that time period. But the court did order one month of lost wages—$1,800. Although defendant notes there was no evidence as to the "rental value of the car" or any attempt to mitigate loss, she offers no argument or authority that such evidence was required or explains in what way any such evidence would affect the restitution calculation.

"We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) "We discuss those arguments that are sufficiently developed to be cognizable. To

7

the extent defendant perfunctorily asserts other claims, without development and, indeed, without a clear indication that they are intended to be discrete contentions, they are not properly made, and are rejected on that basis." (*People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2.) We decline to address these unsupported assertions.

Defendant next claims the increase in Garcia's insurance premiums is unrelated to the accident, as Garcia was not at fault in the accident and to raise her premiums because of an accident in which she was not at fault violates the law. The possibility that the insurance company's actions were improper does not rebut the evidence that Garcia's insurance premiums were increased as a result of the accident, and defendant asserts no argument or authority indicating it does.

Finally, defendant disputes the award for Garcia's lost wages, arguing the accident "had nothing to do with her inability to work," claiming the inability was caused by her gallbladder surgery days before the accident and her moving to Mexico. This claim misstates the record, which reflects that the accident occurred on April 27, 2018, a Friday,[3] and that Garcia would have returned to work the following Monday but for the accident. Garcia had gallbladder surgery three days before the accident; the accident caused complications in her recovery from the surgery and required her to go back on medication. She could not work due to these complications for about two or three weeks. In addition, because her truck was not operable, she could not get to work for a month, and as a result lost her job. She moved to Mexico the following month and, as we have noted, none of the restitution award was related to the move to Mexico. The evidence clearly shows the lost wages awarded by the trial court for the period of one month were reasonably related to the accident, both as a result of complications to Garcia's recovery as well as the deprivation of her transportation to work.

---

[3] We take judicial notice of the fact that April 27, 2018, was a Friday. (Evid. Code, § 459.)

In summary, the trial court explicitly ordered restitution as follows: $205 for the tow; $1,800 for a month's lost wages; $572 for 26 months of increased insurance payments; and $700 for the loss on the truck. As we have explained, these amounts were supported by the victim's testimony, there was a factual and rational basis for the amounts, and they were reasonably related to the accident. Accordingly, the amounts ordered were not excessive, violative of due process, or an abuse of discretion.

D. *Correction of the Restitution Order*

There is, however, an error in the restitution order that requires correction. The specific restitution amounts ordered, set forth immediately above do not add up to $3,677; instead they total $3,277. We can and do resolve this mathematical error with a simple recalculation and order the restitution order corrected accordingly, with directions to the trial court to ensure the probation order accurately reflects the correction.

Although the Attorney General acknowledges the calculation error, he argues the trial court failed to award Garcia her full economic loss relative to the truck by erroneously considering the insurance payment. He asks that we increase the restitution award, claiming the current order was unauthorized.

An unauthorized sentence is one that cannot be imposed "under any circumstance in the particular case." (*People v. Scott* (1994) 9 Cal.4th 331, 354.) Here, although we agree the law dictates payment from an *immediate victim's* insurance company for economic losses suffered as a result of a defendant's criminal conduct, it does not reduce the amount of restitution the defendant owes (see *People v. Birkett* (1999) 21 Cal.4th 226, 246 ["the immediate victim was entitled to receive from the probationer the full amount of the loss caused by the crime, regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses"]; *People v. Hume* (2011) 196 Cal.App.4th 990, 996 ["Consistent with the statute, payments to the victim by the victim's *own insurer* as compensation for economic losses attributed to a defendant's criminal conduct *may not* offset the defendant's restitution obligation"]).

9

When a *defendant's* insurance company compensates the victim in full or in part, the restitution order must be offset by the amount of compensation. (*People v. Bernal* (2002) 101 Cal.App.4th 155, 165-168.)

The record does not indicate whose insurance company paid Garcia for the loss of the truck. The insurer that paid for the truck's loss is only ever referred to as "the insurance." Defendant's briefing indicates defendant's insurance paid the $3,500 and the Attorney General's briefing assumes Garcia's insurance paid, but neither position is conclusively supported by the record. Because there are circumstances in this case under which this restitution order could have lawfully been imposed, it was not unauthorized. Accordingly, the Attorney General's claim as to the restitution order is forfeited for failure to object in the trial court.

E. *Due Process/Notice*

Defendant contends the victim restitution order was entered in violation of due process, as she was not given appropriate notice of her potential liability. Specifically, she complains that she only received notice of the initial amount of restitution claimed, $2,281.91, and it was improper to award additional restitution beyond that amount.

" 'The scope of a criminal defendant's due process rights at a hearing to determine the amount of restitution is very limited: " 'A defendant's due process rights are protected when [he or she has] notice of the amount of restitution claimed . . . , and . . . has an opportunity to challenge the figures . . . at the sentencing hearing.' " ' " (*People v. Prosser* (2007) 157 Cal.App.4th 682, 692; *People v. Carbajal* (1995) 10 Cal.4th 1114, 1125 ["The defendant is entitled to notice that restitution for the property damage may be considered as a condition of probation and must be given a meaningful opportunity to controvert the information to be considered and relied on by the court in sentencing"].) In the context of probation and restitution orders, a defendant is " 'entitled to relief on due process grounds if the hearing procedures are fundamentally unfair.' " (*People v. Baumann* (1985) 176 Cal.App.3d 67, 81.) Although defendant is entitled to notice of the

10

amount sought, that amount is not necessarily defendant's maximum exposure for restitution, and an order over the noticed amount does not violate defendant's due process rights. (See *People v. Thygesen* (1999) 69 Cal.App.4th 988, 993.) This is because a variety of factors can make it difficult to determine with precision the exact amount that will make the victim whole. (*Ibid.*)

Defendant was provided notice of the hearing and the amount sought, $2,281.91. That notice included no specific indications of the character of the claimed losses or sources of information that formed the bases for the claimed losses. At the beginning of the restitution hearing, the prosecutor stated the amount sought was likely to be "slightly higher" but he was unsure by how much. Defendant did not object to the hearing proceeding in the absence of specific notice as to an increased amount, or lack of underlying supporting documentation, and did not request a continuance to prepare for the hearing based on a new amount sought. Defendant does not argue in what way the lack of notice as to the increased amount prevented her from having a meaningful opportunity to controvert the information to be relied on by the court. As we have set forth above, defense counsel thoroughly cross-examined Garcia on the value of the truck, her lost wages, and her increased insurance premiums, all of which formed the basis for the restitution award. Defendant was prepared to argue against the amounts of restitution claimed at the hearing and did so. She has shown no prejudice from lack of more specific notice as to the final restitution award.

## II

### *Corrections to Probation Order*

The parties agree the probation order must be corrected to reflect the restitution fine and assessments actually imposed. We agree with the parties that the order incorrectly reflects the sentence as pronounced and shall order correction of the order to comport with the oral pronouncement of judgment.

## III

### *Ability to Pay Restitution Fine, Fees, and Assessments*

Citing *Dueñas*, defendant contends the trial court improperly imposed the restitution fine, fees, and assessments without conducting an ability to pay hearing. Defendant has forfeited these claims.

*Dueñas* was decided in January 2019. Defendant was sentenced in September 2019, long after *Dueñas* was decided, but she did not cite it or request an ability to pay hearing at sentencing. Under these circumstances, defendant forfeited her challenge to the restitution fine and assessments. (*People v. Scott, supra*, 9 Cal.4th at pp. 351-354 [to preserve a sentencing issue for review, it must be raised in the trial court].)

Further, the trial court's September 2019 order granting probation and imposing the challenged fines and fees was a final judgment for purposes of appeal. (§ 1237.) An order granting probation is an appealable order, and if not appealed becomes final and binding and may not be attacked subsequently on an appeal from a later appealable order or judgment. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) "Thus, a defendant who elects not to appeal an order granting . . . probation cannot raise claims of error with respect to the grant . . . of probation in a later appeal from a judgment following revocation of probation." (*Ibid.*) Defendant did not appeal from the sentencing order granting probation and imposing the challenged fine and assessments. She cannot now challenge that order in this appeal.

## DISPOSITION

The judgment is affirmed. The trial court is directed to correct the restitution order to reflect direct victim restitution of $3,277 and ensure the order of probation correctly reflects that amount, as well as the fines, fees, and assessments actually ordered at sentencing by the trial court.

                                                             /s/
                                                           Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Mauro, J.