Filed 8/19/25  P. v. Risch CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL CALEB RISCH,<br><br>    Defendant and Appellant. | A172161<br><br>(Mendocino County<br>Super. Ct. No. 24CR04393) |

**MEMORANDUM OPINION**[1]

On May 13, 2024, Daniel Caleb Risch was attempting to evade police in a stolen vehicle when he veered onto a residential property in Ukiah and struck a retaining wall, a parked car, and the residence.  The Mendocino County district attorney charged defendant with vehicle theft with a prior vehicle theft conviction (Veh. Code, § 10851, subd. (a) & Pen. Code, § 666.5, subd. (a); count 1) and other crimes.  Defendant pled no contest to count 1 and admitted a prior strike conviction also alleged.  As part of the plea, defendant agreed to serve a six-year prison sentence and to pay victim restitution.  In this appeal, defendant challenges only a restitution order.

---

[1]  We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1.  (See also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853–855.)

Pursuant to Penal Code section 1202.4, the court ordered defendant to pay restitution of $4,000 to the owners of the residence and, at issue here, $13,512.46 to their insurers, The Hartford Financial Services Group Inc. (Hartford). In a request for restitution, Hartford showed that it had reimbursed the homeowners this amount for damage caused by defendant's crash.

On appeal defendant argues, and the People concede, that the trial court abused its discretion by awarding restitution to the insurance company because the company was not a direct victim of the crime. We agree. We review a restitution order for abuse of discretion (*People v. Thygesen* (1999) 69 Cal.App.4th 988, 992), and an order based on a demonstrable error of law constitutes such an abuse. (*People v. Busser* (2010) 186 Cal.App.4th 1503, 1508 (*Busser*).)

Penal Code section 1202.4, subdivision (f) states, "the court shall require that the defendant make restitution to the victim or victims" based on a showing of the victim's economic loss. (*Busser*, *supra*, 186 Cal.App.4th at p. 1508.) "A 'victim' is a 'person who is the object of a crime.' " (*People v. Crow* (1993) 6 Cal.4th 952, 957.) In *People v. Birkett*, our high court held that an insurer does not become a " 'direct victim' " of crime "by paying the crime-related losses of its insured under the terms of an insurance policy," and thus an insurer may not receive restitution for reimbursing a crime victim. (*People v. Birkett* (1999) 21 Cal.4th 226, 244–245 (*Birkett*).) Instead, the Legislature intended that an offender make full restitution for all losses to the direct victim of the crime, "regardless of whether, in the exercise of prudence, the victim had purchased private insurance that covered some or all of the same losses." (*Id*. at p. 246.) Private insurers who had paid on a

2

claim would be "left to their separate civil remedies, if any, to recover any such prior indemnification." (*Ibid.*)

Under *Birkett*, Hartford did not become a direct victim of defendant's crime by reimbursing the homeowners. (See *Birkett*, *supra*, 21 Cal.4th at pp. 244–245.) The court therefore made a demonstrable legal error by awarding the insurer victim restitution.

## DISPOSITION

The restitution order requiring defendant to pay Hartford $13,512.46 is vacated, and the Abstract of Judgment—Restitution naming Hartford as a judgment creditor is reversed. In all other respects, the judgment is affirmed.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*People v. Risch* (A172161)

3